TIMOTHY RYAN *vs.* COUNTY OF DAKOTA.

May 31, 1884.

**County—Appeal from Allowance of Claim by Com'rs.—**Under Gen St. 1878, *c.* 8, § 89, the right of a county to appeal from the allowance by the board of county commissioners of a claim against it, is not affected by the character of the claim.

**Same—Resolution of Rejection.—**A resolution of a board of county commissioners, that a certain claim presented to them "be and hereby is rejected," shows that the claim was considered and disallowed.

**Same—Resolution held Final.—**Sp. Laws 1881, *c.* 216, construed, and *held*, that the authority of the board of county commissioners to consider the claim specified in it was exhausted when the board had considered and disallowed the claim.

Plaintiff, on March 16, 1881, presented to the board of county commissioners of Dakota county his petition for compensation for damages sustained through the negligence of one Kranz, register of deeds of the county, in furnishing an erroneous abstract of title, in 1872, to lots 4 and 5, block 63, in West St. Paul, then in Dakota county. This action of plaintiff was pursuant to Sp. Laws 1881, *c.* 216, entitled "An act authorizing and empowering the county commissioners of Dakota county to adjust the claim of Timothy Ryan," approved March 7, 1881, and quoted in the opinion.   On March 17, 1881, the board passed a resolution that the claim "be and is hereby rejected." On March 22, 1883, the board adopted a resolution allowing him $250 in full settlement of his claim.   On petition of seven tax-payers, the county attorney appealed, on behalf of the county, to the district court for the same county, where the appeal was heard by *Crosby*, J., and judgment ordered and entered disallowing the claim, from which judgment the plaintiff appeals.

*Stringer & Seymour*, for appellant.

*Albert Schaller*, for respondent.

GILFILLAN, C. J.[1]   Plaintiff presented a claim to the county commissioners of Dakota county, and, March 22, 1883, the board allowed

[1] Dickinson, J., because of illness, took no part in this case.

$250 of the amount claimed. From this allowance the county appealed to the district court, which disallowed the claim *in toto.* From the judgment of the district court the plaintiff appeals to this court.

It appears by the record that the same claim was presented to the board, March, 1881, and the board then passed this resolution: "Resolved, that the claim of Timothy Ryan, in relation to lots 4 and 5, block 63, West St. Paul, be and is hereby rejected."

Of the questions made on this appeal only two need be considered: *First,* had the county the right of appeal from the order of allowance by the board? For if it had not, the judgment of the district court was rendered without jurisdiction. *Second,* had the board, after its action in March, 1881, any authority to take further action in the matter? or, rather, was its action at that time final unless appealed from?

Gen. St. 1878, *c.* 8, § 89, defines the remedy of the aggrieved party upon the allowance or disallowance of a claim against a county required to be presented to and passed on by the board of county commissioners. "When the claim of any person against a county is disallowed, in whole or in part, by the board of county commissioners, such person may appeal," etc. "When the claim of any person against a county is allowed, in whole or in part," the county may appeal, etc. This is the general rule applicable to cases where a claim must be presented for allowance to the county commissioners. The appellant insists that it refers only to claims on which an action could be brought in case of a refusal by the commissioners. The right of a county to appeal cannot be controlled by the character of the claim allowed against it. If it were, the position of the county would be worse, in case of the allowance of a claim having no basis in law, than in case of the allowance of one which, if sustained by facts, is valid in law. There can be no doubt that the county may appeal from the allowance of a claim, although it be one which the law does not recognize as valid.

The appellant insists, also, that, by the act under which this claim is presented, the allowance or disallowance of any sum to him was committed solely to the discretion of the county commissioners,—a discretion that could not be exercised or reviewed by the district court.

If this be so, or if the act shows an intent that the proceedings shall not come within the provisions of section 89, then there was no appeal.

The act (Sp. Laws 1881, *c.* 216,) provides that the board of county commissioners of Dakota county "are hereby authorized and empowered to pay whatever sum or sums of money they may *find to be justly due* Timothy Ryan," in a certain matter, being the same as that set forth in his claim presented to the board, "*provided,* that the said Timothy Ryan shall, within six months from and after the passage of this act, *present his claim, together with the proofs thereof,* to the said board of county commissioners, or be thereafter forever barred." If this had been intended as a mere gift or gratuity to appellant, it would be clear that the act intended to commit the making of it solely to the will of the commissioners. It was not, however, intended as a gift, but as the payment of something that might or might not be *justly due.* The commissioners were to find whether justly due or not, and, if due, how much, and that upon a claim presented to them, and *proofs thereof,* precisely as they do in case of any claim which they are required to pass on. The inducement to the act appears, from the facts of the case, to have been that, while plaintiff had no claim enforceable at law, it might be just and equitable that the county should indemnify him in the matter, and the intent is apparent to enable the board to receive and pass on the claim, and, if just, allow it, though not enforceable at law. This required the exercise of judgment as much as passing on any claim. We are satisfied the act intended the claim to take the same course as other claims required to be passed on by the commissioners, except that want of enforceability at law should not stand in the way of its allowance, if just.

The county had the right to appeal.

The answer to the second question depends upon the meaning of the resolution of March, 1881, and the construction of the special act above referred to. If the resolution means merely that the board refused to consider and pass on plaintiff's claim, then the power conferred by the act still survived, unaffected by such refusal. On the other hand, if it shows that the board passed on and disallowed the

claim,—that is, actually exercised the power conferred,—then the power was exhausted, unless there be something in the act to indicate that it still continued and might be exercised again. The phrase "be and is hereby rejected" does not indicate a refusal to act, but a refusal, denial, or disallowance of the claim. It is a form very commonly used by bodies like the board of county commissioners, and also by courts, to express a refusal to grant a petition or request, and not commonly used to express a declination to consider it. It shows that the board did disallow the claim. Considering the claim, as the legislature seem to have considered it, as one not enforceable at law, but which might have some basis in natural justice or equity, it existed as a claim which the board could allow only by virtue of the act, and so long as the act intended it to exist. Thus, if not presented with the proofs of it within six months, it would, by the terms of the act, cease to exist. That it should continue as a claim after being rejected by the board, cannot be spelled out of the terms of the act. On the contrary, limiting the time for presenting it with the proofs, shows an intent that it should be disposed of speedily. It was undoubtedly intended that, upon the claim and proofs being presented within the time limited, the board should do, without unnecessary delay, what the act authorized it to do, to wit, pass on and allow or disallow the claim. And it would seem to follow that, having performed the act authorized, that was an end of the power.

The judgment of the district court was right, on the ground that, after the disallowance in 1881, plaintiff had no claim which the board could allow, and that the power of the board to consider the case had been exhausted.

Judgment affirmed.