## WILLARD GUTCHES *vs.* COUNTY OF TODD.

### October 7, 1890.

**Personal Taxes — Collection—Liability of Sheriff.**—Section 62 of the general tax law, (Gen. St. 1878, *c.* 11,) as amended·in 1885, charging the sheriff with liability for uncollected personal-property taxes if ·he shall .refuse or neglect to collect the same, or to file a list thereof as prescribed, *held* not to justify charging him with such liability *merely* because he did not file the list of uncollected taxes until after the 1st day of June, as re- quired by law to do.

**Remedies against County — Appeal—Action.**— One having a claim for services against a county, which has been disallowed by the board of county commissioners, may prosecute an action to recover the same, and is not restricted to the remedy of an appeal from such disallowance. Following *Murphy* v. *County of Steele,* 14 Minn. 51, (67.)

Appeal by plaintiff from an order of the district court for Todd county, *Searle,* J., presiding, sustaining a demurrer to the complaint in an action to recover $277.56 on·the cause of action mentioned in the opinion.

*D. W. Bruckart* and *A. M. Crowell,* for appellant.

*E. B. Wood,* for respondent.

DICKINSON, J.    This action is prosecuted to recover for official services rendered for the county of Todd·by the sheriff of that county, he having assigned his right of action therefor to the plaintiff. This appeal is from an order sustaining a demurrer to the complaint. It ·appears that the services were rendered, and that the account

therefor was audited and allowed by the board of county commissioners; but that, in compliance with section 62 of the statute to be hereafter recited, the board deducted therefrom the amount of certain delinquent and uncollected personal-property taxes, by reason of the neglect of the sheriff to return, within the time prescribed by law, a list of such delinquent taxes. The question presented on this appeal is whether the sheriff was, by reason of his default, thus chargeable with the amount of such uncollected taxes. We will refer to sections 58, 59, 60, and 62, of our general tax law, (Gen. St. 1878, c. 11,) as the same were amended by chapter 2 of the General Laws of 1885. Section 58, as amended, requires the county treasurer, on the 1st day of April, to make a list of the delinquent personal-property taxes, and to certify the same to the clerk of the district court. The clerk is to thereupon issue warrants to the sheriff, directing him to collect such taxes. The duty of the sheriff as to the collection of the same by distress, if necessary, is also prescribed. Section 59 provides, in substance, that, if the sheriff shall be unable to collect any such taxes, he shall file with the clerk of the court, on the *1st day of June*, a list thereof, with an affidavit stating his inability to collect the same, noting in the margin of the list the place to which any delinquent tax-payer may have removed. The clerk shall deliver such list and affidavit to the board of county commissioners at th eir first session thereafter, and they shall cancel such taxes as they are satisfied cannot be collected. Section 60 is to the effect that, within 10 days after the adjournment of the board of county commissioners, the auditor shall file a copy of such revised list of delinquent taxes with the clerk of the district court; and, within 10 days thereafter, the court shall issue to the sheriff a citation of the delinquents to appear before the court, the further proceedings prescribed being directed to the end of recovering a judgment for the delinquent taxes. It is provided in this section that "no omission of any of the things by law provided in relation to such assessments and levy, or of anything required by any officer or officers to be done prior to the issuance of such citation, shall be a defence or objection to such taxes, unless it be also made to appear to the court that such omission has resulted to the preju-

dice of the party objecting, and that such taxes have been unfairly or unequally assessed." Section 62 is as follows: "If the sheriff of any county shall refuse or neglect to collect any tax assessed upon personal property, where the same is collectible, or to file the delinquent list and affidavit as herein provided, he shall be held liable for the whole amount of such taxes uncollected, and the same shall be deducted from any bill or bills presented by him to and allowed by the board of county commissioners, and applied to the several funds for which they were levied."

The complaint shows that the sheriff did not file the delinquent list with the clerk of the court until *the 31st day of July*, on which day the clerk delivered the list to the board of county commissioners then convened for the first time subsequent to the 1st day of April, and the board took action upon the same as though it had been filed within the time prescribed by law. It is alleged that the county auditor was not hindered by the delay in filing such list from performing his prescribed duties; that he filed a copy of the list with the clerk of the court within 10 days after the adjournment of the board, in compliance with the statute; that the clerk issued citations to the delinquents, which were served; that neither the county nor the public were injured or deprived of any rights by reason of the sheriff's neglect; and that the purposes of the statute were accomplished. The court sustained the demurrer, for the reason that the statutory requirement to file the delinquent list on the 1st day of June was regarded as mandatory.

It will be observed from the above recital from section 60 that the mere omission of the sheriff to file the delinquent list on the 1st day of June was not intended to, and would not, invalidate subsequent tax proceedings, or render the taxes uncollectible. And so the statute would be construed, even in the absence of an express declaration to that effect, like that embodied in section 60, unless the provision in section 62 above recited should lead to a different construction. *Kipp* v. *Dawson*, 31 Minn. 373, 381, (17 N. W. Rep. 961, and 18 N. W. Rep. 96;) *Faribault Water-Works Co.* v. *County of Rice, supra,* p. 12; End. Interp. St. §§ 435, 436. Therefore, while it was the duty of the sheriff to file the list on the 1st day of June, the duty to file

it continued, notwithstanding his default.    If he had filed it on the 2d day of June, his act would have been a valid official act, and the mere neglect to file it on the 1st would not have affected the validity of subsequent tax proceedings.    And so the filing of the list at a later day, if not so late as to interfere with other prescribed tax proceedings, would not be invalid, nor invalidate subsequent proceedings.

Of course a penalty may be imposed for a neglect to perform a duty according to the requirements of the law, even though the prescribed act be performed in a manner or at a time other than that directed, and so that the ultimate purposes of the law may have been really accomplished.    But we do not regard section 62 as intended to impose absolutely upon the sheriff the penalty of requiring him to pay the delinquent taxes in case of *any* neglect or default in the discharge of his duty, and without regard to the nature or consequences of such neglect.    It is for the taxes "uncollected" that he becomes responsible; and the amount of the same recovered from him, or deducted from what may be due to him on other accounts, is to be "applied to the several funds for which they were levied." It is apparent that it was the intention of the legislature that the sheriff should himself be chargeable with the amount of such taxes when he should refuse or neglect to collect them, or when, by reason of any default or neglect on his part, the prescribed tax proceedings should become ineffectual, or could not be pursued to their proper conclusion as prescribed by the law.    As every neglect of duty would not result in any such consequences, or in any manner affect the results sought to be accomplished, and as the law seems to contemplate that the tax proceedings shall go on as prescribed, even though some provisions of the law may not have been exactly complied with, the construction above suggested is to be preferred to one which absolutely requires the sheriff to personally pay the tax if in any particular he shall have been negligent in the discharge of his duty, as in returning the list of taxes uncollected.    It would seem to be an unreasonable construction of this section to hold that if the sheriff should file the list on the 2d day of June, instead of on the 1st, and even though the orderly conduct of further proceedings were in no manner affected by the delay, he should be at once and absolutely

required to pay all the taxes then unpaid. We find nothing in the statute to justify the inference that, upon the occurrence of such a default, all further proceedings for the recovery of judgment against the delinquents, and for the collection of the taxes, are to be discontinued. It is still the duty of the proper officers to go on with the prescribed tax proceedings. But it is not to be supposed that it was intended in such a case that proceedings for the collection of the taxes should continue to be prosecuted to a perhaps successful termination, and the taxes be thus collected from those whose obligation it is to pay them, and that, either in the mean time or subsequently, the sheriff should *also* be required to pay the amount of such taxes, to be "applied to the several funds for which they were levied." We do not think that it was intended that the tax should be thus, in effect, twice paid; nor that, upon the mere occurrence of some default of such a nature that subsequent proceedings would not be interfered with, the further tax proceedings should be abandoned, and all recourse for the taxes had to the sheriff personally; nor that for any neglect of duty, although not affecting the results of the proceedings, the payment of a penalty measured in all cases alike by the amount of the delinquent taxes was intended to be exacted. The demurrer to this complaint is sustainable only upon the theory that the penalty follows absolutely from the mere fact of the default to strictly observe the requirement of the law. It does not appear that subsequent proceedings were interfered with, or that the neglect of the sheriff in any manner affected the results of the tax proceedings. Indeed, the contrary is affirmatively alleged. We are, therefore, of the opinion that the demurrer should have been overruled.

The plaintiff's assignor was not restricted to the remedy by appeal from the action of the board of county commissioners. This was decided in *Murphy* v. *County of Steele,* 14 Minn. 51, (67.)

Order reversed.

GILFILLAN, C. J., and VANDERBURGH, J. We dissent.