# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

OLD SECOND NATIONAL BANK OF AURORA v. TOWN OF MIDDLE-
TOWN.[1]

December 24, 1896.

Nos. 10,187—(151).[2]

**Action against Town—Auditing Board—Filing Claim.**

G. S. 1894, §§ 989, 990, provide that the supervisors constitute a town board
for the purpose of auditing all accounts payable by said town; and section
687 of said statutes provides that "before any account, claim, or demand
against any town or county of this state, for any property or services for
which such town or county shall be liable, shall be audited or allowed by
the board of officers authorized by law to audit and allow the same, the
person in whose favor such account, claim or demand shall be, or his agent,
shall reduce the same to writing in items, and shall verify the same to the
effect that such account, claim or demand is just and true, that the money
therein charged was actually paid for the purposes therein stated, that the
property therein charged was actually delivered or used for the purposes
therein stated, and was of the value therein charged." *Held*, that the filing
of an itemized and verified claim against the town with the auditing town
board was a condition precedent to commencing an original action thereon
against such town.

Appeal by plaintiff from an order of the district court for Jackson
county, P. E. Brown, J., sustaining a demurrer to the complaint. Af-
firmed.

[1] Reported in 69 N. W. 471.          [2] October, 1896, term.

67 M.—1

*Andrew C. Dunn,* for appellant.
*T. J. Knox,* for respondent.

BUCK, J.    Demurrer to the complaint, upon the ground that it does not state facts sufficient to constitute a cause of action.    The trial court sustained the demurrer, and plaintiff brings this appeal from the order made thereon.

The action is brought by the plaintiff on a claim duly sold and transferred to it, to recover the agreed price of certain scrapers ordered and received by the defendant town for its use in the construction and repair of its roads and highways.    The complaint shows the corporate character of the plaintiff, the defendant, and the assignor of the plaintiff, the making and delivery by the duly-authorized board of supervisors of the defendant, on May 31, 1892, to the assignors of the plaintiff, of an order for three wheeled scrapers, at the agreed price of $127, to be shipped to the address of one of said board, from Aurora, Illinois, to Jackson, Minn.    The order also contained an express promise to pay to the wheel company of Aurora, to whom it was addressed, or its order, $127, the sum of the price of the scrapers, payable on or before May 1, 1893, with 8 per cent. interest from date of shipment until paid, at the Jackson Bank. The order and promise are set out in full, and were duly signed by all the members of the board of supervisors, the allegation being positive that they were "duly authorized" to make it.    The shipment of the goods in compliance with the order, and their due receipt by the defendant, are alleged, together with the allegation that:

"The said scrapers so ordered and received were ordered and received by the defendant for the purpose of being used, and were used, in the construction and repair of the roads and highways of said defendant town, with the construction, maintenance, and repair of which roads and highways said town was lawfully charged."

The due sale or transfer of said claim to the plaintiff, and nonpayment by the defendant, are alleged in the complaint, and judgment is asked for said amount, with interest from June 1, 1892, the date of alleged shipment under the terms of the order.

The main point upon which the trial court seems to have sustained the demurrer was the fact that the claim was not filed for audit under G. S. 1894, §§ 687, 989, 990.    The first section quoted, viz. 687, especially provides that:

"Before any account, claim or demand against any town or county of this state, for any property or services for which such town or county shall be liable, shall be audited or allowed by the board of officers authorized by law to audit and allow the same, the person in whose favor such account, claim or demand shall be, or his agent, shall reduce the same to writing in items, and shall verify the same to the effect that such account, claim or demand is just and true, that the money therein charged was actually paid for the purposes therein stated, that the property therein charged was actually delivered or used for the purposes therein stated, and was of the value therein charged."

We are of the opinion that the controlling rule to be applied in this case exists by virtue of the terms of the statute itself. If a cause of action exists, its enforcement is suspended until certain conditions are complied with. The owner of the claim is not deprived of his remedy for collecting it; but the statute points out a way or remedy which he must first pursue, or else the town is not primarily liable to an action upon the indebtedness. The claim must be itemized and verified. The property bought must be actually delivered for the purpose stated, and of the value charged. So prepared, the claim must be filed before any liability attaches. Towns have a right to purchase and hold such personal property as may be necessary for the exercise of their corporate or administrative powers. But this power is conferred by statutory law, and probably they have such implied powers as are necessary to enable them to exercise the powers expressly granted; and coupled with these powers is the one that any account, claim, or demand arising against any town must be itemized, verified, and filed with its board before it can be audited, and before a liability shall arise against such town. He who deals with the town does so with notice of the rights and obligations created and remedies existing. These provisions for filing and auditing claims are made in furtherance of a public policy to prevent needless litigation, and to save unnecessary expenses and costs, by affording an opportunity to amicably adjust all claims against municipal corporations before suit is brought. 2 Dillon, Mun. Corp. (4th Ed.) § 937. It is competent for the legislature to suspend the claimant's right to bring suit until he has first presented his claim to the auditing board.

It is contended, however, by the appellant's counsel, that this rule is inapplicable to the filing of claims with the board of town auditors,

because, under this statute, no appeal is authorized from the allowance or disallowance of such claim. But we have no hesitancy in saying that in such case, where the claim is properly presented to the town board, and it disallows or refuses to take any action therein, the holder may then commence an action against the town for the amount of the claim. The condition precedent to the enforcement of a township liability to an action for any account, claim, or demand depends, as we have stated, upon its being properly itemized, verified, and filed; but when the claimant has complied with these conditions, and the town refuses to pay the claim or act upon it, then a cumulative remedy arises, and he may sue as upon an original action, as by statute each town has the power to sue and be sued.

In Murphy v. Commrs. of Steele Co., 14 Minn. 51 (67), it was held that where a claim was allowed in part, and the balance disallowed, an original action was permitted, and the claimant not restricted to his remedy by appeal, although such appeal was authorized by statute. Certainly, as strong, if not stronger, reasons exist why such an original action may be brought upon a claim disallowed by the town board, or where it refused to act, than in case of the county board, because in the latter case an appeal from such disallowance or refusal to act is authorized.

Counsel for appellant places great reliance upon the case of Short v. Civil Township of White Lake, 8 S. D. 148, 65 N. W. 432. That case is not in point, because it is based upon a statute of that state entirely different from ours, and which expressly provides that, in case of controversies or causes of action existing between a town and an individual, an action at law or equity may be had for the purpose of trying and settling such controversy or action, and the action is to be conducted as in other actions between individuals. The distinction between the statute of South Dakota and ours is so manifest that no discussion is needed. Not only is ours prohibitory to the extent to which we have stated, but section 690 thereof provides that any member of such auditing board who shall audit and allow any account, claim, or demand so required to be itemized and verified without the same having been first duly itemized and verified, shall be deemed guilty of a misdemeanor, and be punished by fine not exceeding $500, or by imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment.

The severity of this penalty indicates how important the legislature deemed the itemizing and verifying such claims to be. The items of an account would the more readily enable the board to detect fraud or mistake, and the verification would subject the claimant to prosecution in case of perjury. These requisites, therefore, constitute material safeguards in behalf of the town against fraudulent or unjust claims.

Where, as in this case, the exact property and amount to be paid therefor have been agreed upon, and the time of payment fixed, by the parties, it may, perhaps, be urged with some plausibility that no such necessity exists for itemizing, verifving, and filing the claim; but the town can yet find its best safety and protection in requiring the claimant to show by his itemized and verified claim, duly filed, that he has truly performed his part of the obligation, in accordance with his agreement, and in the manner required by law. The law appears not only to be mandatory, but of great benefit to the public.

The question of whether the township supervisors are authorized by law to create an interest-bearing indebtedness against their town, payable at a future day, is not properly before us. The liability of the town does not arise upon the mere fact that its supervisors gave the written obligation set out in the complaint, but upon the ground that the defendants, having the power so to do, ordered and received the said scrapers, for the purpose of being used, and they were used, in the construction and repair of the roads and highways of said town. Such supervisors are by law charged with the care and superintendence of roads in their towns, and required to keep not only the town roads, but the county roads in their towns, in repair. G. S. 1894, §§ 1775, 1846. Having ordered, received, and kept these implements, the town is liable for their value, either upon express or implied contract, according to the evidence as it may appear; and it cannot escape payment for the value thereof upon the assumption that the order or obligation given was not technically binding. It is not the order upon which the action is brought, as we ordinarily bring an action upon a promissory note or bill of exchange. The gist of the action is for goods ordered and received by the defendant, and by it used for a lawful purpose, and for which, in law and equity, it should pay. We do not regard the order given

as creating the liability alone, but the receipt of the scrapers which were appropriated by the town for its use after giving the order creates the liability. The goods received were purchased and used for a purpose clearly within administrative power of the supervisors, and reasonably essential for the attainment of such purpose. But, as the appellant failed to file with the board of audit an itemized and verified claim, the action was prematurely brought, and the order sustaining the demurrer affirmed.

So affirmed.