## WILLIAM H. TRITES ET AL. V. HITCHCOCK COUNTY.

### FILED DECEMBER 9, 1897.   No. 7647.

1. **Res Judicata:** PROCEEDINGS OF COUNTY BOARD: CLAIMS. A county board, in examining the reports and adjusting the accounts of a county officer, acts ministerially, and an adjustment so made is no bar to an action subsequently brought to recover moneys unlawfully withheld by the officer; but such a board, in auditing and allowing claims, under the power conferred by Compiled Statutes, chapter 18, article 1, section 37, acts judicially, and its judgment is conclusive unless reversed in appellate proceedings.

2. ——: ——: ——: PLEADING. An answer, the nature of which is stated in the opinion, *held* to sufficiently plead an adjudication against the county by the allowance of a claim by the board in its judicial capacity.

ERROR from the district court of Hitchcock county. Tried below before WELTY, J.   *Reversed.*

*J. W. Cole* and *W. S. Morlan,* for plaintiffs in error.

*L. H. Blackledge* and *R. O. Adams, contra.*

IRVINE, C.

This was an action by Hitchcock county upon the official bond of Trites, who was formerly treasurer of that county. On the trial, after the county had rested, the court sustained an objection to the introduction of any testimony on behalf of the defendants on the ground that the answers stated no defense. This was logically followed by instructing the jury to return a verdict in favor of the county for the amount by it claimed. These rulings were manifestly erroneous as to the sureties defending, who by their answer merely admitted the election and qualification of Trites, the making and approval of the bond, and denied all other allegations of the petition. Trites and the sureties joined, however, in the motion for a new trial, and also in the petition in error, so that there can be no reversal because of the error

affecting the sureties alone unless the rulings complained of were erroneous as to Trites also. The petition, as a breach of the bond, alleged that during Trites' incumbency of the office he, as such officer, received $9,150 from the sale of refunding bonds; that he claimed, as commission for selling said bonds, the sum of $306.60, and held out from the sum so by him received said sum of $306.60, and that he had neglected and refused to pay over to the county said sum. Trites, in his answer, denied that he ever took, received, held out, or otherwise failed to account to the plaintiff for said sum; that he kept, or retained, said sum as fees, commission, or salary, and averred that during his incumbency regular settlements were made as required by law; that at each of said settlements he faithfully and fully accounted for every dollar that came into his hands as treasurer, not in any instance taking, claiming, or deducting any fees, salary, or commission, but that in each instance all fees, salary, or commissions by him received were first audited and allowed by the plaintiff. Further, Trites averred that he had been appointed by the commissioners of the county to negotiate the bonds described in the petition, and that he had fully accounted for and paid into the treasury all the proceeds of the sale of said bonds, without reservation or deduction; that subsequently, and with full knowledge of all the facts, the commissioners allowed and paid to Trites the sum sued for, as salary or commission for his services, and that no appeal was taken from said allowance and payment. The sufficiency of this answer must be determined in the light of a rule now well settled in the jurisprudence of the state. A county board, in examining the reports and approving the accounts of a county officer, acts ministerially, and an adjustment so made is no bar to an action subsequently instituted to recover moneys unlawfully withheld by the officer; but such a board in auditing and allowing claims, under the power conferred by Compiled Statutes, chapter 18, article 1, section 37, acts

judicially, and its judgment is conclusive, unless reversed in appellate proceedings. The cases establishing and illustrating the foregoing propositions are collated in the recent case of *Hazelet v. Holt County*, 51 Neb. 716. A case applying them to a state of the pleadings somewhat similar to the present is *Gage County v. Hill*, 52 Neb. 444. The answer, while unnecessarily involved and somewhat verbose, and while lacking much in accuracy of statement, nevertheless fairly pleads that Trites did not withhold the money sued for, but that he, on the contrary, fully accounted therefor, and that what he received was in pursuance of the allowance to him of a claim interposed therefor, and passed upon by the board in its judicial capacity. Trites' answer, therefore, presented a defense, and the district court erred in refusing to permit evidence to be introduced thereunder.

REVERSED AND REMANDED.