MICHAEL H. FOY, Appellant, v. THE COUNTY OF WESTCHESTER, Respondent.

COUNTIES — AUDIT OF CLAIM FINAL AND REVIEWABLE ONLY BY CERTIORARI. Where services have been rendered in making post-mortem examinations, the compensation for which is a county charge, and the claim has been presented to and audited by the board of supervisors, the audit is final — and while the amount of the audit may not be the value of the services, and may present a case for review by certiorari, no cause of action therefor arises against the county.

*Foy* v. *County of Westchester*, 60 App. Div. 412, affirmed.

(Submitted June 6, 1901; decided October 1, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 7, 1901, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at Special Term.

This action was brought to recover for services performed by plaintiff as a physician in making certain post-mortem examinations by direction of a coroner in the county of Westchester.

The facts, so far as material, are stated in the opinion.

*Joseph F. Daly* for appellant. The county of Westchester is a municipal corporation, and as such is capable of suing and being sued. (Const. art. 8, § 3; *Kennedy* v. *County of Queens*, 47 App. Div. 250; *People ex rel.* v. *Schoonover*, 43 App. Div. 539; *P. J. W. W. Co.* v. *Village of Port Jervis*, 151 N. Y. 111.) The expenses of post-mortem examinations when ordered by a coroner are county charges. (L. 1873, ch. 833; L. 1874, ch. 535; *People ex rel.* v. *Coler*, 48 App. Div. 492.)

*J. Addison Young* for respondent. The demurrer was properly sustained in view of the particular facts disclosed by the complaint in this action. (*People ex rel.* v. *Westchester Co.*, 57 App. Div. 135; *People ex rel.* v. *Coler*, 48 App. Div.

492; *Brady* v. *Bd. of Suprs.*, 10 N. Y. 260; *People ex rel.* v. *Westchester Co.*, 53 App. Div. 343.)

LANDON, J.   The statute (Ch. 833, Laws of 1873, as amended by ch. 535 of the Laws of 1874) provides that " a coroner shall have power, when necessary, to employ not more than two competent surgeons to make post mortem examinations and dissections and to testify to the same, the compensation therefor to be a county charge."   Thus the coroner had the power to employ the plaintiff to make the post mortem examinations but not to fix his compensation.   The statute makes the compensation a county charge.   The complaint alleges that " the defendant audited and allowed for each of said post mortem examinations the sum of ten dollars," from which we assume that the plaintiff presented his claim to the board of supervisors, which made the audit.   The board had jurisdiction to audit the same, and its audit was final, not having been reviewed or reversed upon certiorari, and was payable at the amount audited by the county treasurer upon plaintiff's presentation of the proper warrant or certificate of the board of supervisors.   It thus appears that the defendant is not charged with a default in legal duty.   The allegation that the amount of the audit " is not the value of his services " may state a case for a review of the audit by certiorari, but not a cause of action.

The judgment should be affirmed, with costs.

PARKER, Ch. J., BARTLETT, HAIGHT, VANN, CULLEN and WERNER, JJ., concur.

Judgment affirmed.