# STATE ex rel. ALINE SMITH v. THEODORE WELTE and Another.[1]

## May 15, 1914.

## Nos. 18,766—(28).

**Claim against county — demand unnecessary.**

The action of the county board in reconsidering a bill which it had previously allowed, after expiration of the time to take an appeal from its allowance of the bill was equivalent to a refusal to issue a county warrant for the amount. [Reporter.]

Upon the relation of Aline Smith, doing business as the Samaritan Hospital, the district court for Beltrami county granted its alternative writ of mandamus directed to Theodore Welte, as chairman of the board of county commissioners of Clearwater county, and H. K. Rude, as county auditor of that county, requiring them to issue to the Samaritan Hospital a warrant of Clearwater county for the sum of $24.50, or show cause why they had not done so. The facts are stated in the opinion. The proceeding was heard before Stanton, J., who ordered a peremptory writ to be issued. From the judgment entered pursuant to the order for judgment, respondents appealed. Affirmed.

*William A. McGlennon,* for appellants.

*Hiram A. Simons,* for respondent.

[1] Reported in 147 N. W. 249.

PER CURIAM.

The relator presented a bill to the board of county commissioners of Clearwater county, in the sum of $24.50, for the care and treatment, in her hospital, of a prisoner committed to the county jail, who had become ill and·had been removed from the jail to the hospital. The board allowed the bill. At its next meeting, which was held after the time to appeal from its former action had expired, the board, without notice to the relator, reconsidered its former action and disallowed the bill. Thereupon the relator procured an alternative writ of ‚mandamus to compel the chairman of the board and the county auditor to issue a warrant upon the county treasurer for the amount of the bill as previously allowed. The trial court rendered judgment that a peremptory writ issue, and defendants appealed therefrom.

Defendants raise the objection that no demand was made upon them to issue the warrant. The action of the board, in attempting to revoke the former action and in finally disallowing the bill, was a refusal to issue the warrant which obviated the necessity for any further demand. The case comes within and is controlled by the rule stated in State v. Peter, 107 Minn. 460, 120 N. W. 896, and the judgment is affirmed.