## FREDERICK C. PENNEY v. COUNTY OF HENNEPIN.[1]

January 4, 1918.

No. 20,786.

**Refund of tax — no appeal from allowance by county board.**

> An order of the board of county commissioners, granting a demand under Laws 1917, c. 418, for the refundment of taxes is not the allowance of a claim against the county within G. S. 1913, § 674, providing for an appeal to the district court from the allowance or disallowance of a claim by the county commissioners. The pretended appeal was properly dismissed.

In the matter of the claim of Frederick C. Penney against the county of Hennepin, the board of county commissioners for that county allowed $24,056.68. From the decision of the board the county attorney, on behalf of the county, appealed to the district court, where the respondent's motion to dismiss the appeal was granted by Steele, J. From the judgment of dismissal, the county of Hennepin appealed. Affirmed.

*John M. Rees,* County Attorney, and *Frank J. Williams,* Assistant County Attorney, for appellant.

*John F. McGee* and *Arthur M. Higgins,* for respondent.

BUNN, J.

Chapter 388, p. 1005, Sp. Laws 1891, recited that Frederick C. Penney and Joseph Badger, of the city of Minneapolis, did during the years 1884, 1885, 1886 and 1887, expend large sums of money in filling and grading the streets, avenues and alleys in Badger and Penney's Addition to Minneapolis, and Badger and Penney's Second Addition to Minneapolis, by reason whereof the taxable valuation of the property in said

[1]Reported in 165 N. W. 965.

additions was greatly enhanced and the taxes thereon correspondingly increased; that the taxes for the years 1884 to 1890, both inclusive, have been unjust, unequal and excessive; that Joseph Badger had assigned to Frederick C. Penney all claims by reason of such filling and grading. The act then provides that the board of county commissioners of Hennepin county be and hereby is authorized to "ascertain the amount of such taxes in excess of what was just, equal and reasonable, if any, and thereupon to order the county treasurer to refund such amount to the said Frederick C. Penney." It further provides that upon the making of such order by the board the county treasurer "shall pay * * * the amount specified in said order when such moneys are paid into said treasury."

In the year 1909, eighteen years after the above special law went into effect, Penney applied to the board of county commissioners for a refundment under the act. The board appointed a special committee of real estate men to investigate as to the amount of the excess taxes paid, if any, and report to the board. The committee made an investigation and reported that excess taxes had been paid by Penney and Badger to the amount of $24,056.58, and recommended that this sum be paid to Penney. The board of county commissioners adopted a report of the committee of the whole, recommending that the report of the special committee be adopted, and the amount recommended by that committee be added to the annual estimate of the board in July, 1909. The amount was not paid, but for what reason the record does not show. The matter appears to have rested in this situation until after the passage of Laws 1917, p. 627, c. 418.

Laws 1917, p. 627, c. 418, is entitled "An Act legalizing certain claims against counties now having a population of 300,000 inhabitants or over and authorizing and directing their payment and the manner thereof." Section 1 of the act provided that: "In any case prior to the date of the passage of this act in which any county of this state now having a population of 300,000 inhabitants or over, wherein the board of county commissioners of such county have been authorized or empowered to refund, pay or repay to the person or persons entitled thereto, moneys at any time heretofore paid for taxes on real estate in such county, the taxable value of which real estate has been enhanced by the grading and filling of public streets, avenues and alleys at private

expense, and the amount of taxes so paid by reason of such enhancement has been ascertained and determined by the board of county commissioners of such county, such person or persons entitled to said refundment, payment or repayment shall be entitled to recover from such county the full amount so ascertained and determined, without interest thereon." Section 2 of the act provides that the person or persons desiring to avail themselves of section 1 shall within 6 months after the passage and approval of the act, demand of the board of county commissioners of such county the amount of such refundment, payment or repayment, and that the board "shall, within thirty (30) days from the date of said demand, direct the proper officers of said county to issue a warrant or warrants therefor." It is provided that said officer or officers shall immediately draw a warrant or warrants for the full amount, and that said warrant or warrants shall be paid by the county treasurer of such county out of moneys in his possession not otherwise appropriated by law. Section 3 directs the levy of a tax to make provision for the payment of such demands for refundment, etc., in case there are not sufficient funds in the treasury. Soon after the approval of this act, Penney made a written demand of the board of county commissioners for the payment of the sum of $24,056.58, "ascertained and determined" by the board under the 1891 act. The committee on claims reported that the board was authorized by the act of 1891 to pay Penney's claim, that in 1909 it determined and ascertained the amount of said claim to be $24,056.58, and that the legislature by the act of 1917 made mandatory the payment of this claim by the board. For these reasons the committee recommended that the "claim" of Penney be "allowed" to the amount of $24,056.58, to be paid from moneys not otherwise appropriated, as provided by the 1917 act. The board accepted and adopted this report.

The county attorney, on behalf of the county of Hennepin, appealed to the district court from the "decision" of the board "allowing" the claim. On motion of Penney, the court dismissed the appeal. Judgment was entered accordingly, and the county appeals to this court.

The purported appeal was dismissed by the trial court on the ground that it had no jurisdiction to hear or determine the matters involved in the proceeding. Respondent contends that this is so because the "right"

to a refundment created by the act of 1917 is not a "claim" within the meaning of G. S. 1913, § 674, providing for an appeal to the district court from the allowance or disallowance of a claim by the board of county commissioners. Appellant contends that the action of the board amounted to the "allowance" of Penney's claim, and that it is immaterial that the act of 1917 gave the board no discretion, but was mandatory in the direction to the board to order the "claim" paid.

There can be no doubt of the mandatory character of the 1917 act. Under its terms all Penney had to do was to "demand" of the board the amount of the refundment. He did not need to file a claim; a simple demand, which might be oral, was all that was necessary to make it obligatory upon the board to direct within 30 days the issuance of a warrant for the amount. The action of the board, though in form an "allowance" of the "claim" of Penney, was based entirely on the fact that the legislature had ordered it to refund to Penney the sum of $24,056.58. The form of the direction to refund is not material. There was absolutely nothing for the board to do, unless it disregarded the act, but to obey its terms, nothing whatever to decide.

The county, by its attempted appeal to the district court, sought to have decided the validity of the act of 1917, which it attacks as special legislation. It contends now that unless an appeal lies from the action of the board, that action is final. Counsel rely on these cases: Ryan v. County of Dakota, 32 Minn. 138, 19 N. W. 653; in which the court declared that the right of the county to appeal cannot be controlled by the character of the claim allowed against it; Old Second National Bank v. Town of Middletown, 67 Minn. 1, 69 N. W. 471, in which the court held it necessary to file a claim, though the amount had been agreed upon and the time of payment fixed; State v. District Court of St. Louis County, 90 Minn. 457, 97 N. W. 132; State v. Peter, 107 Minn. 460, 120 N. W. 896, in which we said that the board in passing on claims against the county acts quasi judicially, and that when it has once finally acted, without fraud or mistake in the premises, its action is final and binds the parties, unless there be an appeal. Respondent relies upon City of Fergus Falls v. Board of Commrs. of Otter Tail County, 88 Minn. 346, 93 N. W. 126, and Merz v. County of Wright, 114 Minn. 448, 131 N. W. 635. In the Merz case we held that the

statute providing for an appeal from the allowance or disallowance of a claim by a board of county commissioners was not applicable to a case where a certificate of the engineer in drainage proceedings that the work had been completed and the contract performed was presented for approval to the board by the contractor, and approval and payment refused. The decision was on the ground that the contractor's right to payment was founded on the contract, and the amount determined thereby, and by the number of yards of excavation. We said: "The right of the contractor to compensation is in no manner within the control of the commissioners."

Our view is that the case at bar is within the reasoning of the Merz case. It is in fact a stronger case than the one referred to as the board in the Merz case did have something to determine, whether the contract had been performed, whether the certified yards of excavation were correct. Here, as we have already said, the board had absolutely nothing to decide or determine. The act of 1917 does not provide for or contemplate an appeal. We think it should be held that an appeal did not lie, that the action of the board in granting Penney's demand was not the "allowance of a claim" within the meaning of G. S. 1913, § 674. In regard to the suggestion that the board's action is final if no appeal lies, we think this is not so. We think the constitutionality of the act of 1917 may be tested in a proceeding brought to compel or enjoin payment.

Judgment affirmed.