## O. W. F. SUHR v. COUNTY OF DODGE.[1]

May 1, 1931.

No. 28,376.

[1]Reported in 236 N. W. 463.

 

*D. C. Sheldon* and *A. J. Rockne,* for appellant.

*Kenneth A. Myster,* County Attorney, and *John Swendiman,* for respondent.

OLSEN, J.

Plaintiff appeals from an order sustaining a demurrer to his complaint.

The action is one to recover unliquidated damages for the claimed refusal of defendant to excavate and remove from plaintiff's land and pay for a part of the gravel needed for the construction and maintenance of certain roads in the county. A contract with the defendant in relation thereto is pleaded. Part of the gravel had been removed and paid for. Plaintiff presented a further claim for damages for failure of defendant to restore the premises to proper condition after removal of the gravel taken.

■ The complaint alleges that in January, 1930, plaintiff made and filed with the county board a duly itemized and verified claim for all these damages, and that the board on May 22, 1930, duly disallowed the claim. No appeal was taken from the disallowance thereof. This action was commenced by service of summons on August 13, 1930. Defendant demurred to the complaint on the ground that it failed to state a cause of action. The trial court sustained the demurrer, holding that under our statutes plaintiff must seek his remedy by appeal from the order of the county board disallowing the claim; that such remedy in this kind of a case is exclusive; and that an independent action to recover a money judgment in such an action cannot be maintained.

It is conceded that prior to the enactment of R. L. 1905, § 620, now G. S. 1923 (1 Mason, 1927) § 994, the disallowance of a claim by the county board did not prevent the claimant from thereafter bringing an independent action to recover on his claim without appealing from the disallowance. Murphy v. Commrs. of Steele

County, 14 Minn. 51 (67) ; Gutches v. County of Todd, 44 Minn. 383, 46 N. W. 678.

R. L. 1905, § 620, was a new enactment. It provides:

"No action shall be maintained against a county upon any claim except county orders, when the only relief demanded is a judgment for money, until such claim shall have been duly presented to the board, and it shall have failed to act upon the same within the time fixed by law, or unless such board shall consent to the institution of such action."

By L. 1923, p. 234, c. 210, the section was amended so as to exclude from its operation suits by the state of Minnesota. Otherwise the section remains unchanged.

We are asked to construe R. L. 1905, § 620, as having made no change in the then existing law on the subject. In construing a new law, the existing law relating to the same subject, as evidenced by existing statutes and the decisions of the supreme court of the state, is properly considered. The legislature may be presumed to have duly considered the existing law bearing upon the same subject and the effect of the new law thereon. It is largely a matter of legislative intent, so far as consistent with the language used in the new act. At the time R. L. 1905, § 620, was enacted there was in force what are now the following sections of G. S. 1923 (1 Mason, 1927): § 646, providing for appeal to the district court from the decision of the county board in allowing or disallowing a claim against the county; §§ 766 and 767, providing that claims must be itemized and verified before the county board can act thereon; § 768, providing that claims, verified as required, shall be received and audited by the board and allowed or disallowed in whole or in part, as shall appear just and lawful, "saving to the claimant the right of appeal." Under these sections this court had held, prior to 1905, that the presentation of a properly itemized and verified claim to the county board was a condition precedent to the bringing of suit thereon, but that if the board disallowed the claim the remedy by appeal was not exclusive, and the claimant had the right to bring a direct suit without taking an appeal. Murphy v.

Commrs. of Steele County, 14 Minn. 51 (67) ; Gutches v. County of Todd, 44 Minn. 383, 46 N. W. 678; Old Second Nat. Bank v. Town of Middletown, 67 Minn. 1, 69 N. W. 471; Commrs. of Washington County v. Clapp, 83 ,Minn. 512, 86 N. W. 775; State ex rel. Barber A. P. Co. v. District Court, 90 Minn. 457, 97 N. W. 132.

In the light of these sections of the statutes and decisions, in force at the time, we are unable to see any other purpose in the enactment of R. L. 1905, § 620, now G. S. 1923 (1 Mason, 1927) § 994, except to make the remedy by appeal from the decision of the county board, on claims against the county for unliquidated damages, when the only relief asked is a money payment, the exclusive remedy granted to a claimant; and that an independent action in court on such a claim cannot be maintained.

■ It is suggested that the section is indefinite because it makes the right to bring such an action contingent on the failure of the board to act upon the claim "within the time fixed by law," as there is no statute fixing the time within which the board must act. Had the language used been "within the time fixed by statute," there might have been some uncertainty. But the law here referred to no doubt has reference to the well recognized common law rule that where an officer or person is required to act he must do so within a reasonable time. Escher v. Carroll County, 159 Iowa, 627, 141 N. W. 38.

The complaint alleges that plaintiff presented his claim in January and that it was "duly" disallowed on May 22. He does not allege any effort on his part to obtain earlier action. No prejudice is claimed. He does not allege any want of notice. The fact that the statute does not provide for any personal notice to claimant of the disallowance of his claim is not here important. No constitutional question is raised. Having presented his claim to the board for adjudication, it was incumbent on him to follow up his claim and attend to its disposition. We do not think notice of disallowance was necessary. State ex rel. Barber A. P. Co. v. District Court, 90 Minn. 457, 97 N. W. 132.

■ There is perhaps no conclusive adjudication by this court as to an appeal being the exclusive remedy of one whose claim, of

the kind here shown, has been disallowed by a county board; but, so far as this court has spoken on the subject, it is in harmony with the conclusion now reached. In State ex rel. Devine v. Peter, 107 Minn. 460, 120 N. W. 896, 897, the issue presented was whether the county board, after it had duly allowed a claim against the county, could thereafter, at a subsequent meeting, reconsider its action, without notice to the claimant. The county board had taken no further action, except its decision to reconsider the claim, thereby in effect vacating the order allowing it. It was held that the county board, in the absence of fraud or mistake, could not, at a subsequent meeting and without notice to the claimant, reconsider or vacate its prior order allowing the claim. No appeal had been taken from the order allowing the claim. The action was by mandamus to compel the chairman of the county board and the county auditor to issue a county warrant for payment of the claim as allowed. The question of whether the county officials could resist the claim without an appeal from the order allowing it was, at least indirectly, involved and was considered. On that question the court said [107 Minn. 463] in reference to R. L. 1905, § 620:

"This change in the law is significant, as it makes the affirmative action of the board upon a claim against the county final, unless an appeal is taken from its decision within the time allowed by law, and, in connection with the other provisions referred to, gives to the board quasi judicial capacity to decide the merits of claims against the county, subject to the right of either party to appeal from its decisions. Our present statutes make it clear that the board of county commissioners, in passing upon claims against the county and allowing or disallowing them, acts quasi judicially, and that when it has once finally acted, without fraud or mistake in the premises, upon a claim its action is final and binds the parties, unless there be an appeal, and, further, that its power to deal with the claim is exhausted. Ryan v. County of Dakota, 32 Minn. 138, 19 N. W. 653; State v. District Court of St. Louis County, 90 Minn. 457, 97 N. W. 132."

In Merz v. County of Wright, 114 Minn. 448, 131 N. W. 635, the court said merely that, since the revision of the statutes in 1905, the remedy by appeal from the disallowance of a claim was now perhaps exclusive, citing State ex rel. Devine v. Peter, 107 Minn. 460, 120 N. W. 896.

County of Rice v. LaCroix, 175 Minn. 8, 220 N. W. 157, 958, was an action to recover fees and expenses allowed and paid by the county in a ditch proceeding from one who had obligated himself to pay the same by provision in the ditch petition. G. S. 1923, § 6734, provides for the allowance and payment of these expenses by the county in the first instance, and provides for an appeal to the district court by any aggrieved party from the order allowing them. No such appeal had been taken. This court held that in the absence of fraud or mistake the determination of the county board in allowing the claim for these expenses became final, unless an appeal was taken within the statutory time, and cited and approved State ex rel. Devine v. Peter, 107 Minn. 460, 120 N. W. 896, on that point.

The cases of State ex rel. Haney v. Clarke, 112 Minn. 516, 128 N. W. 1008, and Merz v. County of Wright, 114 Minn. 448, 131 N. W. 635, arose under the drainage laws and involved among other things the right to bring suit to recover the balance unpaid on contracts for the construction of ditches after the county board had refused to approve the engineers' certificates as to the balances due the contractors. No appeal was provided for by the drainage laws in such cases, and the court treated the claims as not coming within the sections of the statutes requiring ordinary claims to be presented to and determined by the county board and appeals taken from their disallowance. The holdings were that no appeal was provided for in such cases, and therefore suits could be brought.

In Penney v. County of Hennepin, 139 Minn. 148, 165 N. W. 965, the court held that a demand for refundment of taxes under L. 1917, p. 627, c. 418, was not a claim against the county within the meaning of G. S. 1913, § 674, now G. S. 1923, § 646, as amended, 1 Mason, 1927, id. and therefore no appeal could be taken from the decision

of the county board on such claim; thereby bringing that case in line with the Clarke and Merz cases above cited.

State ex rel. Smith v. Welte, 125 Minn. 527, 147 N. W. 249, follows State ex rel. Devine v. Peter, 107 Minn. 460, 120 N. W. 896, in holding that after a claim has once been regularly allowed the county board cannot at a subsequent meeting, without notice to the claimant, reconsider its action and disallow the claim.

Foley Bros. v. County of St. Louis, 158 Minn. 320, 197 N. W. 763, was affirmed without decision here.

■ Referring to authorities from other states, we find that the weight of authority supports the holding that, where the claim is one which the statute requires to be submitted to the county board for audit and allowance or disallowance, the decision of the county board, in the absence of fraud or mistake, is final, unless appealed from or reversed; and, in the absence of such an appeal, a suit on the claim cannot be maintained. From these authorities the following may be cited: County of Monroe v. Brown, 118 Ark. 524, 177 S. W. 40; County of Yolo v. Joyce, 156 Cal. 429, 105 P. 125; County of Cook v. Ryan, 51 Ill. App. 190; Commonwealth v. Richmond, 148 Ky. 849, 147 S. W. 913; Peck v. County of Kent, 47 Mich. 477, 11 N. W. 279; Klein v. Supervisors, 54 Miss. 254; Trites. v. County of Hitchcock, 53 Neb. 79, 73 N. W. 215; Foy v. County of Westchester, 168 N. Y. 180, 61 N. E. 172; DuPre v. County of Lexington, 90 S. C. 180, 73 S. E. 70; Hoyt v. County of Hughes, 32 S. D. 117, 142 N. W. 471; Polk v. Roebuck (Tex. Civ. App.) 184 S. W. 513; State ex rel. Porter v. Headlee, 19 Wash. 477, 53 P. 948; 15 C. J. 658, and note 94.

A lesser number of state authorities hold to the contrary. 15 C. J. 657, and note 93, p. 658.

In Michigan, Nebraska, New York, South Carolina, and South Dakota it is held that even if the claimant has the option in the first instance of presenting his claim to the county board or bringing suit against the county, if he elects to present the claim to the county board for allowance and the board acts thereon, his remedy then is by appeal, or by certiorari to review the action of the board if no appeal is provided. 15 C. J. 659, and note 1.

If the county board refuses to act on the claim or fails to act upon it within a reasonable time or within the time allowed by statute, if the time is fixed by statute, then a number of courts hold that the claimant may sue the county thereon. 15 C. J. 659, and note 2.

These holdings are in harmony with our decisions.

Order affirmed.

[1]Reported in 236 N. W. 455.