## RALPH LEUTHOLD v. COUNTY OF REDWOOD AND ANOTHER.[1]

November 3, 1939.

No. 32,089.

*Laudon & Morten* and *George A. Lewis,* for appellant.
*Thomas F. Reed, Jr.,* County Attorney, for respondents.

JULIUS J. OLSON, JUSTICE.

Plaintiff appeals from an adverse judgment entered pursuant to findings made by the court.

[1]Reported in 288 N. W. 165.

The complaint alleges that on or about May 16, 1935, defendant county was indebted to one Lull "in the sum of $352.50" for merchandise sold by Lull to the county; that on May 21, Lull "made proof of claim" against the county and assigned the claim to plaintiff, who "duly presented" it "together with the assignment" to defendants but "that the same has not been paid to this plaintiff." The answer is a general denial.

When the case came on for trial counsel stipulated that—

"on or about May 16, 1935, * * * Lull * * * sold and delivered to the County of Redwood three sets of chatabators for graders, at $117.50 each and totaling $352.50;" that *on May 21, 1935, said "Lull made due proof of said claim against said county * * * and at the same time executed an assignment thereof to Ralph H. Leuthold, the plaintiff herein;*

*"That said proof of claim with assignment thereon was filed with the said county auditor on June 4, 1935, and was duly allowed* at the meeting of the county commissioners held on June 4, 1935, in the said sum, $352.50, * * *." (Italics supplied.)

After the statutory 15 days had elapsed, on June 19, 1935, a county warrant was issued for the mentioned amount payable to the order of "Lull Manufacturing Company," that being the name under which Lull did business. Lull upon receiving the warrant endorsed it in the name of the payee, "By L. H. Lull, Owner." On June 25, 1935, the warrant was presented for payment and was paid and canceled by the county treasurer. Plaintiff asserts that he is entitled to recover under his assignment and that the county by paying the money to Lull, the original claimant, must stand the loss because there was a mistake, leading to this result, made by the county officers having this in hand. (Defendant Rogers was and still is the county auditor of defendant county.) The court, however, was of the view that under our statute (1 Mason Minn. St. 1927, §§ 646 and 994) the claim being one to enforce a money demand, plaintiff's sole remedy was to appeal from the allowance of the claim to Lull. Section 994 provides that no action "shall be maintained by any claimant

\* \* \* when the only relief demanded is a judgment for money, until such claim shall have been duly presented to" the county board and the latter shall have failed to act upon same within the time fixed by law or unless such board shall consent to the institution of such action; § 646 provides that when any claim against a county is disallowed in whole or in part the claimant may appeal to the district court. No appeal has been taken, plaintiff's theory being that the statute referred to (§ 994) has been complied with and that the sole issue presented is whether he or the defendants should stand the loss occasioned by the neglect or oversight of the county officers in failing to take cognizance of his assignment.

■ We think there can be no doubt about the assignability of this claim. The test is whether "a cause of action survives to the personal representatives of a decedent." If it survives it is assignable. 1 Dunnell, Minn. Dig. (2 ed. & Supps.) § 564. Thus in Jandera v. Lakefield Farmers Union, 150 Minn. 476, 479, 185 N. W. 656, 658, it was held that:

"All causes of action except those arising out of an injury to the person survive. \* \* \* A cause of action arising out of fraud or deceit is not a cause of action for injury to the person, but a cause of action for injury to a property right, and is assignable."

The general subject of what is and is not assignable may be found in 1 Dunnell, Minn. Dig. (2 ed. & Supps.) §§ 563 to 570, inclusive.

■ Obviously, we think, the sections of the statute upon which the court and defendants rely are not involved here. The claim was audited and allowed by the county board; hence the object of the statute was accomplished when the county board acted. The case is clearly one where a mistake was made, not in allowing the claim but rather and only in making payment to the wrong party. Let us suppose for example that this claim was made for goods sold to the county by John Jones and, as here, was duly allowed but that the warrant was delivered to another

John Jones; that the wrong Jones cashed it. Can anyone doubt that the right owner would have a cause of action against those who by their neglect failed to pay to the rightful claimant that which was in truth and in fact his?·

In view of the stipulated facts, it is apparent that plaintiff's remedy would not be served by an appeal from the action of the county board. It is conceded that the auditor did not by "written notice" at any time inform plaintiff of the county board's action as required by 1 Mason Minn. St. 1927, § 646, as amended by L. 1933, c. 191, 3 Mason Minn. St. 1938 Supp. § 646. Even if it be granted that plaintiff learned of it by August 4, 1935, and that he could have appealed within 15 days thereafter, as stated by the court in its memorandum, it is not apparent that this would have been of any help to defendants for the warrant was cashed on June 25. The county did not demur as was done in Suhr v. County of Dodge, 183 Minn. 299, 236 N. W. 463. Hence, by stipulating the facts upon which judicial consideration and determination depended, it recognized plaintiff's right to sue under § 994 and thereby consented "to the institution of such action." This is necessarily so because "the facts adduced by the evidence, or as in this case by stipulation, control decision." In re Estate of Monfort, 193 Minn. 594, 596, 259 N. W. 554, 555, 98 A. L. R. 280.

The rule to be applied was concisely stated by Mr. Justice Mitchell in Lewis v. Bush, 30 Minn. 244, 245, 15 N. W. 113, as follows:

"The law of this state is that an assignment of a chose in action is valid and complete in itself, upon the mutual assent of the assignor and assignee, without notice to the debtor. That notice is only necessary in order to charge the debtor with the duty of payment to the assignee, and protect the assignee from the danger of loss by reason of the debtor's paying to the assignor without notice of the assignment."

It seems perfectly clear that the county auditor as well as the board of commissioners had notice of the assignment, for the

assignment appears right on the face of the proof of claim. It could hardly be overlooked unless someone blundered. There is also uncontradicted testimony that plaintiff called the county auditor before he accepted the assignment, and that later the auditor admitted that one of his clerks had made a mistake in not noting the assignment.

Inasmuch as it affirmatively appears that plaintiff has received nothing from either the county or Lull to make good or reduce his claim under his assignment, it follows that he is entitled to recover the amount of the warrant with legal interest from its date.

The judgment is therefore reversed with instructions to the trial court to so amend its findings of fact and conclusions of law as to conform with the views herein expressed.

So ordered.