I therefore consider the district court's use of applicant flow data appropriate.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY,**
Appellee,

v.

**ROCK–TENN COMPANY, Direct Container Line, Inc., Nekoosa Papers, Inc., Smith Meter, Inc., Longyear Company, Advance International, Inc., Concorde Nopal Agency, Inc., Central Mine Equipment Company, Lamorte, Burns & Co., Inc., South African Marine Corp. (N.Y.), Ecuadorian Line, Inc., and John Doe Corp.**

**National Commercial Banking Corporation of Australia, Ltd., Appellant.**

**NEKOOSA PAPERS INC.**

v.

**ST. PAUL FIRE AND MARINE INSURANCE CORP.**

No. 85–5085.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 11, 1985.

Decided March 21, 1986.

Steven J. Timmer, Minneapolis, Minn., for appellant.

Richard T. Ostlund, Minneapolis, Minn., for appellee.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BOWMAN, Circuit Judge.

St. Paul Fire and Marine Insurance Company (St. Paul) commenced this interpleader action under 28 U.S.C. § 1335 to deter-

mine claims against an Independent Ocean Freight Forwarders Bond that it issued on behalf of Ray C. Fischer Company, Inc. (Fischer). Claimant-appellant National Australia Bank (NAB) appeals from the judgment of the District Court dismissing NAB's answer to the complaint and its claim to the fund. We reverse and remand.

This case has its genesis in the collection stage of an international documentary sales transaction. The Heil Company (Heil), a Milwaukee, Wisconsin business, agreed to sell truck body parts to Gitsham Transport Engineers Limited (Gitsham) in Kilkenny, South Australia. Once the goods arrived in port in Australia, NAB received an invoice for the goods, documents of title to the goods, and a sight draft in the amount of $55,288.13 drawn on Gitsham. Instructions accompanying these collection documents directed NAB to remit all proceeds of the draft directly to Heil in Milwaukee. Finding all of the documents in order, NAB on October 12, 1983 mistakenly paid the proceeds to Fischer, an independent freight forwarder[1] hired by Heil, rather than directly to Heil.

On March 8, 1984, NAB also paid the collection amount of $55,288.13 to Heil with the understanding that NAB would pursue Fischer to recover the mistaken payment. NAB and Heil subsequently entered into a subrogation agreement. NAB sued Fischer in state court and obtained a default judgment which remains unsatisfied, apparently because Fischer is insolvent. NAB subsequently filed an answer and a claim in this interpleader action, alleging, *inter alia,* that it was entitled to recover on Fischer's bond as Heil's subrogee. Upon the motion of two of the other claimants to the bond, the District Court dismissed NAB's answer and its claim. The District Court framed the issue as "whether NAB may assert a claim against the bond." *St. Paul Fire and Marine Insurance Company v. Rock-Tenn Company,* No. 3–84–

1038, Order at 2 (D.Minn. March 5, 1985) (hereinafter cited as Order, March 5, 1985). The court concluded that

> [s]ubrogation is a principle of law which permits one who pays the debt of another to recover from a third party for the payment of that debt. It does not, however, permit a party that pays its own debt to recover from another. *See Fitzgerald v. Buffalo County,* [264 Wis. 62], 58 N.W.2d 457 (Wis.1953). In the present case NAB was directly liable to Heil for the payment of $55,288.13. Thus, NAB does not have a subrogation claim against Fischer.

Order, March 5, 1985, at 3.

The bond at issue "inure[s] to the benefit of ... persons for whom the principal shall have undertaken to act as an independent ocean freight forwarder." Thus, the bond inures to the benefit of Heil, a person for whom Fischer acted as a freight forwarder. The question, therefore, is whether Heil properly would have an action against Fischer's bond for Fischer's failure to forward the proceeds from NAB to Heil. Because the District Court did not reach this issue, we remand for consideration of this point.

In the event that the court on remand concludes that Heil has an action against the bond, we believe that Minnesota law would permit NAB to claim against the fund. While it generally is true that we accord substantial deference to a district court's interpretation of the law of the state in which it sits, we are not bound by that determination and will reverse if we conclude that the court incorrectly has applied local law. *Kansas State Bank in Holton v. Citizens Bank of Windsor,* 737 F.2d 1490, 1496 (8th Cir. 1984). Even if the District Court is correct that NAB does not have a subrogation claim against Fischer on the bond, we are convinced that Heil appropriately has as-

---

1. A freight forwarder's function is to arrange for the transportation of the shipper's goods and to prepare the necessary export documents. Section 44 of the Shipping Act of 1916 requires that independent ocean freight forwarders obtain a bond that "will insure financial responsibility and the supply of the services in accordance with contracts, agreements, or arrangements therefor." 46 U.S.C. § 841b(c).

signed its claim to NAB if in fact Heil has a claim against the bond.

NAB's claim in interpleader states that NAB paid Heil the collection amount that it previously had paid to Fischer "with the understanding that the Bank would attempt to collect the amount from Fischer." Appendix for Appellant at 18, ¶ 6. Although perhaps not artfully stated, a fair reading of this averment is that Heil assigned its rights against Fischer to NAB. Our review of Minnesota law indicates that Minnesota adheres to the general rule that rights of action, other than those for personal injury, are assignable. *See National Union Fire Insurance Company v. Grimes,* 278 Minn. 45, 153 N.W.2d 152, 154–55 (1967) (personal injury actions not assignable); *Leuthold v. County of Redwood,* 206 Minn. 199, 288 N.W. 165, 166 (1939) (same); *Lynott v. Dickerman,* 65 Minn. 471, 67 N.W. 1143, 1144 (1896) (action for misappropriation of funds assignable). Thus, if Heil had an action on Fischer's bond, NAB succeeded to the right to pursue that claim. We therefore reverse the judgment of the District Court and remand for further consideration in light of this opinion.