## JOSEPH P. ROMANN v. JOHN BENDER.[1]

December 11, 1931.

No. 28,644.

*Mark & Barron,* for appellant.
*Roger L. Dell,* for respondent.

OLSEN, J.

Appeal from an order denying defendant's motion for a new trial.

Plaintiff brought the action to recover damages for personal injury, medical expenses, and loss of earnings, claimed to have been caused by the negligence of the driver of defendant's automobile in a collision with an automobile owned and driven by plaintiff. Defendant answered, denying all negligence on the part of his driver, charged plaintiff with negligence, and counterclaimed for damages to his car and for personal injuries to himself. The jury returned a verdict in plaintiff's favor.

[1]Reported in 239 N. W. 596.

One of the errors assigned on this appeal is misconduct of plaintiff's counsel in his argument to the jury. Under our laws plaintiff's counsel has the closing argument. Defendant's counsel has no opportunity to answer. All he can do is to take exception and bring the matter to the attention of the court. It is therefore important in the trial of cases that the closing argument for plaintiff should be a fair presentation of the case and be free from unjustified and prejudicial statements as to facts and unjustified attacks on counsel for the other party.

On cross-examination of plaintiff, defendant's counsel, Mr. Barron, asked plaintiff:

Q. "I will ask you if it is not a fact that at that time [having reference to the time of the accident] you were under a charge in the United States court, which charge was believed to come up in about two weeks after December 25th?"

Plaintiff's counsel objected, the objection was sustained, and the court instructed the jury to disregard what was stated in the question. Defendant's counsel made no further reference to the matter. That should have ended it. At most all that plaintiff's counsel could claim was that Mr. Barron had asked an improper question, prejudicial to plaintiff.

When plaintiff's counsel came to address the jury he said:

"Why, ladies and gentlemen, when they became convinced—and you could look upon the face of Mr. Barron sitting there becoming crimson when he saw those two sisters on the stand, and crimson when he saw the Paulsons upon the stand, and crimson when he saw Doctor Esser upon the stand and knew that we had proven upon this lawsuit that this man was not guilty of being intoxicated, what did he do then to this poor devil here, who is maimed for the rest of his life? Why he says to him, 'Are you worrying about anything,' and then Romann says, 'No.' And Mr. Barron said, 'Are you worrying about some charge in the federal court?' The damage was done. I moved to strike out that statement, and the court struck it out. I moved the court to instruct the jury to disregard it, and the court did that. The court did that because it

was not fair and it was not just and it was not decent, ladies and gentlemen, it was not clean. Strike it out if you please, but it was there before this jury, and you cannot remove from the minds of the jury something that has improperly and indecently crept into a lawsuit; but I want to tell you, ladies and gentlemen, when Mr. Barron made that statement here in court he knew that it was not true.

Mr. Barron: "At this time I would like to take exception, and have it entered as a matter of record to Mr. Dell's statement, that the implied charge was not true, because it appears from the record that Mr. Dell objected to the witness answering the question and upon his objection the court sustained the objection at that time.

Mr. Dell: "I want to go one step further in that regard and I want to ask counsel: 'Counsel, who told this jury, if you please, in an implied statement here to the jury, that perhaps Romann was worried about something down there in the federal court? Why didn't you seek out and find the federal records?' There was nothing there."

This was partly an appeal for sympathy for the "poor devil" who had suffered injury; but, more than that, it directly charged Mr. Barron with falsehood and directly charged that the records of the federal court contained no charge against plaintiff. Counsel now admits that there was such a charge pending, and it further appears that Mr. Barron had in his possession documents proving that the records in the federal court so showed.

To directly charge opposing counsel with falsehood in his statements before the court and jury, when such charge is admittedly untrue, is a serious matter. If the jury believe such charge to be true, the probable result is to cause them to distrust and disbelieve opposing counsel in anything he has said or done during the trial and to carry such distrust into their consideration of his client's evidence.

The matter of granting a new trial for misconduct of counsel rests very largely in the discretion of the trial court, and we do not grant a new trial on that ground here unless prejudice clearly ap-

pears. But if serious misconduct appears and prejudice is so shown, it is an abuse of discretion not to grant a new trial, and we grant relief.

We do not attempt to set out the evidence. The case was sharply contested. As we view the record, plaintiff's evidence to sustain a recovery is not strong. There was so much evidence to contradict his claim, given by so many apparently credible witnesses, that his right to recover is a close and doubtful question. In that situation, the recovery of a verdict, after serious misconduct of his counsel, is a sufficient showing of prejudice. Brown v. Burrow, 171 Minn. 219, 213 N. W. 890.

Plaintiff seeks to excuse or justify the language used by showing that defendant's counsel asked some other objectionable questions relating to liquor matters. We find nothing in these questions justifying the charges complained of. Both sides asked more or less questions ruled out by the court, a not unusual condition in a lawsuit.

Order reversed.