# MYRTLE BURMEISTER v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

January 8, 1932.

No. 28,717.

*R. T. Boardman* and *J. F. Dulebohn,* for appellant.
*Tautges, Wilder & McDonald* and *F. M. Miner,* for respondent.

WILSON, C. J.

Defendant appealed from an order denying its motion for a new trial.

Plaintiff was a passenger in one of defendant's cars and claims to have been injured by the car violently jerking and causing her to fall in the rear vestibule resulting in injury. She says a man on the rear platform assisted her.

[1]Reported in 240 N. W. 359.

Plaintiff's case rests largely upon her unsupported testimony. She claims the accident occurred in October, 1929; that she continued on her way, to work and worked one and one-half days, then laid off one and one-half days and then continued with her work for about one year. She consulted a doctor once a few weeks after the accident. Her version of the alleged accident is disputed by the carmen and two passengers.

■ Plaintiff's evidence is sufficient to take the question of the defendant's negligence to the jury. But her case is not strong. There is a sharp conflict in the claims of the parties.

■ Plaintiff's counsel sought to prove by almost every witness that the conductor took the names of persons who were in the car at the time of the accident. On defendant's objection this was excluded as immaterial. We do not stop to consider the propriety of that ruling. It is not before us. No effort was made to show that the name of the man who assisted the plaintiff was procured, nor to show that his name was known.

In the argument to the jury plaintiff's counsel charged defendant with having the names of available witnesses which it did not call. The record does not support the assertion. The evidence by which plaintiff sought to show this was excluded.

Adequate exceptions were taken. On one occasion the court directed the jury to disregard the statements of plaintiff's counsel.

Much latitude must be allowed to counsel in his argument. He may assert that certain facts justify certain inferences. Indeed, he may call things by their true name when the record supports it. But here the argument went far afield. Experienced counsel seemingly forgot himself.

First, it is to be noted that he discussed that which was not in the case, that it was ruled out as immaterial. If this was error, the law provided his remedy. He boldly suggested to the jury the consideration of that which the court had kept out of the case. He said: "Now, you decide for yourself whether it is material or not." It was not the function of the jury to decide the question of materiality as to excluding evidence. That was a question of law,

and the court's ruling had put it to rest and should have silenced counsel. Such argument on the part of counsel was improper.

Secondly, the record does not show that defendant had the name of a single person on the street car that it did not call as a witness. Many persons might have been on the car and not have seen plaintiff fall. If the man helped her, as she claims, he probably was a witness; but no specific question was directed as to whether his name was taken, and it is not made to appear that his name was in fact taken. Yet upon such a record counsel says:

"I knew that there would be certain witnesses available to the defendant * * * that would not be produced in court * * * and that is what resulted here. * * * I knew that in the trial of this case that there would be witnesses who could be produced, but that the street car company would not produce them. * * * The street car company took the names and addresses of witnesses in the rear part of that car, * * * and that which is good they keep, and that which is bad they put away, and you members of the jury never hear what those people have to say."

The assertions are made in open court as positive facts. Jurors would be justified in believing them, since they come from an officer of the court. If they were believed, they would go far to impair the standing in court of defendant's counsel and perhaps the defense. Romann v. Bender, 184 Minn. 586, 239 N. W. 596. The accusation against defendant and its counsel is without support in the record and cannot have the approval of this court. Indeed, the court should furnish shelter to counsel from unwarranted attacks of this character. Such an argument is unfair and improper. When the issue is such that the verdict might readily be either way, we believe such conduct prejudicial and a new trial is imperative. Verdicts must rest upon a candid and fair consideration of the facts disclosed by the record, assisted by legitimate argument, and not upon reckless, unsupported, prejudicial accusations which put bad conduct at the door of opposing counsel. Romann v. Bender, 184 Minn. 586, 239 N. W. 596.

Reversed.