ROLAND L. NADEAU v. COUNTY OF RAMSEY AND OTHERS.

245 N. W. 2d 254.

August 20, 1976—No. 45916.

*James Malcolm Williams,* for appellant.

*William B. Randall,* Ramsey County Attorney, and *Joseph E. Cartwright,* Assistant County Attorney, for respondents.

PER CURIAM.

Plaintiff appeals from a judgment of dismissal predicated on plaintiff's failure to give written notice of claim prior to instituting suit. We reverse.

In 1970 plaintiff was discharged from his position as a deputy sheriff for defendant Ramsey County. Thereafter plaintiff requested a discharge hearing before the civil service commission and filed a claim against the county for damages. However, before the commission had an opportunity to decide the legality of plaintiff's discharge, plaintiff and defendant county reached a settlement. One of the terms of this settlement was that in return for plaintiff's resignation defendant county agreed upon a favorable letter of recommendation which the sheriff's office was to send to anyone asking for a job reference concerning plaintiff.

Plaintiff instituted this action in 1973, alleging that on repeated occasions subsequent to the agreement he was denied employment as a direct result of unfavorable recommendations given by defendants to his potential employers. Plaintiff pleaded three alternative legal conclusions in his statement of claim: In count 1, bad faith breach of contract entitling him to $500,000 damages plus $1,000,000 punitive damages; in count 2, simple breach of contract entitling him to $500,000 damages;

and in count 3, malicious slander entitling him to $1,000,000 damages plus $1,000,000 punitive damages. In the demand-for-judgment part of the complaint, plaintiff repeated the damages sought and also stated that he sought equitable relief in the form of reinstatement with back pay.

In dismissing the complaint the trial court apparently relied upon two statutes, Minn. St. 1971, § 466.05, subd. 1, and Minn. St. 373.06. We will discuss § 466.05, subd. 1, first. That subdivision provided in relevant part as follows:

"Every person who claims damages from any municipality for or on account of any loss or injury within the scope of section 466.02 shall cause to be presented to the governing body of the municipality within 30 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. * * * No action therefor shall be maintained unless such notice has been given and unless the action is commenced within one year after such notice."

Under § 466.05, subd. 1, no written notice is required when the plaintiff's action is for breach of contract. Section 466.05, subd. 1, when read in conjunction with § 466.02, required notice only for injuries or losses caused by torts. Anderson v. Anderson, 300 Minn. 112, 217 N. W. 2d 854 (1974).

Indeed, under § 466.05, subd. 2, as presently worded, written notice would not have been required at all in this case, because that subdivision now excepts intentional torts from the notice requirement of § 466.05, subd. 1. However, because the exception for intentional torts was not enacted at the time plaintiff commenced this suit,[1] that part of plaintiff's action seeking *damages* for slander and for malicious breach of contract is barred by § 466.05, subd. 1.[2]

This brings us to § 373.06, which the trial court also apparently relied upon, and the question is whether this section operates to bar that part of plaintiff's claim not barred by § 466.05, subd. 1. Section 373.06 provides as follows:

"No action shall be maintained by any claimant, except the State of Minnesota, against a county upon any claim except county orders,

---

[1] A new subdivision 2 was added to § 466.05 in 1974. See, L. 1974, c. 311, § 1.

[2] The actual-notice doctrine of Kelly v. City of Rochester, 304 Minn. 328, 231 N. W. 2d 275 (1975), is inapplicable on the facts in this record. Nor has plaintiff shown waiver of the defense of lack of notice.

when the *only* relief demanded is a judgment for money, until such claim shall have been duly presented to the board and it shall have failed to act upon the same within the time fixed by law, or unless such board shall consent to the institution of such action." (Italics supplied.)

Thus, if plaintiff's action is in part an action for equitable relief, then this provision does not require a presentation of the claim to the board before instituting the action. Suhr v. County of Dodge, 183 Minn. 299, 236 N. W. 463 (1931). That is the case here. Plaintiff's statement of claim suggests that he might be entitled to equitable relief, and equitable relief is specifically requested in plaintiff's demand for judgment. The fact that the plaintiff failed to *specifically* request equitable relief in his statement of claim makes no difference under the Rules of Civil Procedure. See discussion of Rule 8.01, Rules of Civil Procedure, in 1 Hetland & Adamson, Minnesota Practice, pp. 366-371, and Rule 54.03 in 2 Hetland & Adamson, Minnesota Practice, pp. 531-534. Because this is an action for equitable relief as well as for damages, plaintiff was not required by § 373.06 to submit his claim to the county board prior to bringing his action.

In summary then, plaintiff's failure to give written notice under § 466.05 as it existed at the time this suit was commenced bars any action for damages for malicious breach of contract or malicious slander, but does not bar any action for equitable relief for these torts and does not bar any action for damages or equitable relief for the simple breach of contract. Section 373.06 does not bar any part of plaintiff's action.

Reversed.

MR. JUSTICE OTIS took no part in the consideration or decision of this case.