Roland L. NADEAU, Appellant,

v.

COUNTY OF RAMSEY, et al.,
Respondents,

George Weber, Respondent.

Nos. 48444, 48739.

Supreme Court of Minnesota.

April 6, 1979.

James Malcolm Williams, Minneapolis, for appellant.

William B. Randall, County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for County of Ramsey, et al.

Jack C. Wallace, St. Paul, for respondents.

Heard before ROGOSHESKE, YETKA, and WAHL, JJ., and considered and decided by the court en banc.

WAHL, Justice.

This appeal arises from an action for slander and breach of contract against defendants Ramsey County, Sheriff Kermit Hedman, and Chief Deputy George Weber in Ramsey County District Court. The jury returned a special verdict finding defendant Weber liable for slander and defendants Weber and Ramsey County liable for breach of contract. The trial court granted defendant Weber's motion for judgment notwithstanding the verdict on the slander issue, but denied defendants' motion for judgment notwithstanding the verdict on the breach of contract issue. The trial court granted defendants a new trial on the breach of contract issue, however, because of misconduct of plaintiff's counsel. Plaintiff's post-trial motion for equitable relief was denied. The issue on appeal is whether the trial court erred in ruling on these motions. We affirm.

Plaintiff joined the Ramsey County Sheriff's Department in 1959. Defendant Hedman suspended him on September 28, 1970, and filed a notice of discharge on October 15, 1970.[1] After a partial hearing by the Ramsey County Civil Service Commission, the parties signed an agreement which provided that defendant Hedman would withdraw the charges, reinstate plaintiff retroactive to September 26, 1970, and give him a favorable recommendation. In return, plaintiff would voluntarily resign effective April 26, 1971.

Plaintiff then applied for various positions with law enforcement agencies in and around Ramsey County, but was not hired by any of them. He did obtain a number of different jobs, and at the time of trial he was employed as a resource examiner for Stearns County.

Plaintiff brought suit in 1973 for damages and/or equitable relief, alleging slander and breach of contract. The trial court dismissed the complaint for failure to give the written notice required in Minn.St. 373.06 and 466.05. We reversed, holding that Minn.St. 466.05 barred only the claims for malicious slander and malicious breach of contract against the county, but none of the other claims. *Nadeau v. County of Ramsey,* 310 Minn. 549, 245 N.W.2d 254 (1976). At trial in January 1977, the jury awarded plaintiff $75,000 for breach of contract and $15,000 compensatory damages and $10,000 punitive damages for slander.

■ 1. We must first determine the propriety of the trial court's order granting judgment notwithstanding the verdict on the slander issue but denying judgment notwithstanding the verdict on the breach of contract issue. Granting judgment notwithstanding the verdict is proper only when the evidence is practically conclusive against the verdict and reasonable minds can reach only one conclusion. The trial court must view the facts in the light most favorable to the jury's verdict and should not grant judgment notwithstanding the verdict if there is any competent evidence tending to sustain the jury's verdict. *Seidl v. Trollhaugen, Inc.* 305 Minn. 506, 507, 232 N.W.2d 236, 239 (1975).

■ The trial court did not err in denying defendant's motion for judgment notwithstanding the verdict as to the breach of contract because there is sufficient evidence to support the jury's verdict on this issue. A copy of the agreement which required the Sheriff's Department and the Civil Service Commission to give plaintiff favorable recommendations was in evidence. All requests for information concerning plaintiff

---

1. The trial court excluded all evidence concerning the nature of the charges, as well as anything which happened prior to the agreement which terminated the Civil Service Hearing.

During the trial, however, there were frequent references to plaintiff's alleged "drinking problem."

were to be referred to the Civil Service Commission which had drafted a model letter of recommendation. All inquiries within the Sheriff's Department were to be referred to defendant Weber. He testified that he received only one request for information. That request, from an unnamed person, he referred to the Civil Service Commission.

Plaintiff applied for numerous jobs with law enforcement agencies and was told on at least three occasions that he was not hired because of remarks made by someone in the Ramsey County Sheriff's Department that he had a drinking problem. He introduced a letter of recommendation to have been signed by Sheriff Hedman, which stated:

> "I recommend him favorably and as to the incident referred to in your letter, please know that this matter has been amicably disposed of and resolved and his record in relation to said incident has been cleared thereof."

It is not clear who drafted this letter. The language was not in the letter drafted by the Civil Service Commission and indicates that the recipient had already learned of plaintiff's alleged drinking problem.

Defendant Weber asserted repeatedly at trial that he had never signed the agreement in question, but that he merely agreed to withdraw the charges if plaintiff resigned. The implication clearly was that he never intended to give plaintiff a favorable recommendation. This evidence is sufficient to sustain the trial court's refusal to grant judgment notwithstanding the verdict on the breach of contract issue.

■ The trial court did grant judgment notwithstanding the verdict for defendant Weber on the issue of slander. Defendant Weber denied making any derogatory statements about plaintiff. All three police chiefs who testified denied knowing defendant Weber and claimed that he had never made any derogatory statements concerning plaintiff to them. Although the evidence indicates that someone in the Sheriff's Department stated that plaintiff had a drinking problem, the only evidence linking such a statement to defendant Weber was the Sheriff's order directing that all employment inquiries concerning plaintiff be referred to him.

■ To establish a claim for slander, plaintiff must prove that the defendant made false and defamatory statements about him which injured his reputation. See, *Matthis⁻ v. Kennedy,* 243 Minn. 219, 222, 67 N.W.2d 413, 416 (1954). See, also, Note 3 Wm. Mitchell L.Rev. 81, 83. Because there was no evidence showing that defendant Weber made any false and 'defamatory remarks about plaintiff, the trial court did not err in granting judgment notwithstanding the verdict on this issue.

■ 2. We next address the propriety of the trial court's order granting defendants a new trial on the issue of breach of contract because of the misconduct of plaintiff's counsel. The question of granting a new trial for misconduct of counsel is governed by no fixed rules, but rests almost wholly in the discretion of the trial court. *Goblirsch v. Western Land Roller Co.,* 310 Minn. 471, 474, 246 N.W.2d 687, 689 (1976). On appeal the question is whether the trial court abused its discretion in granting a new trial. *Wild v. Rarig,* 302 Minn. 419, 234 N.W.2d 775 (1975), appeal dismissed, 424 U.S. 902, 96 S.Ct. 1093, 47 L.Ed.2d 307 (1975). Where the case is sharply contested and the evidence for recovery not strong, serious misconduct is considered prejudicial, and it is an abuse of discretion not to grant a new trial. *Romann v. Bender,* 184 Minn. 586, 239 N.W. 596 (1931).

There are two areas of alleged misconduct in this case. First, plaintiff's counsel attempted to cross-examine his own witnesses numerous times. Defense counsel's objections were either sustained, or counsel withdrew the question as soon as it was asked. Despite several warnings from the trial court, plaintiff's counsel continued this behavior. He also implied that some of the witnesses were lying and that defendant Weber had destroyed the records. Second, plaintiff's counsel argued evidence not in the record to the jury during his summa-

**524**

tion. Defendant's counsel objected several times and was sustained, or plaintiff's counsel immediately amended his argument.

 The trial court attempted to negate any possible prejudice in instructing the jury, but felt that the harm could not be undone. Each incident alone would be insufficient misconduct to necessitate a new trial. Taken as a whole, and in light of the evidence which was not strong for recovery, this misconduct was sufficiently prejudicial to require a new trial. See, *Wild v. Rarig,* 302 Minn. 419, 234 N.W.2d 775 (1975), appeal dismissed 424 U.S. 902, 96 S.Ct. 1093, 47 L.Ed.2d 307 (1975); *Lamont v. Independent School Dist. No. 395,* 278 Minn. 291, 154 N.W.2d 188 (1967); *Romann v. Bender, supra.*

 3. After the trial court granted defendant's motion for judgment notwithstanding the verdict and a new trial, plaintiff moved for equitable relief, asking that he be reinstated as a Ramsey County Deputy Sheriff and that defendants be enjoined from slandering him. Granting equitable relief is within the sound discretion of the trial court. Only a clear abuse of that discretion will result in reversal. Cf., *Hotel & Restaurant Employees' Union v. Tzakis,* 227 Minn. 32, 34, 33 N.W.2d 859, 860 (1948) (appeal from order denying injunctive relief). In this case plaintiff's remedy is an action for breach of contract. There is thus no reason to grant plaintiff's motion for equitable relief.

Affirmed and remanded for a new trial as to breach of contract claim of plaintiff.