REGENTS OF the UNIVERSITY
OF MINNESOTA, Appellant,

v.

Lance RAYGOR and James Goodchild,
Respondents.

No. C1–99–1140.

Supreme Court of Minnesota.

Jan. 4, 2001.

pending in federal court. Respondents Lance Raygor and James Goodchild brought this action against appellant Regents of the University of Minnesota (University) alleging age discrimination in violation of the Minnesota Human Rights Act (MHRA). The University brought a motion to dismiss, arguing that the statute of limitations for the MHRA claims had expired. In granting the motion, the state district court found that the statute of limitations for respondents' MHRA claims was not tolled under the federal supplemental jurisdiction statute and that equitable tolling did not apply to the facts in this case; therefore, the claims were not timely. The Minnesota Court of Appeals reversed, concluding that section 1367(d) did toll the state statute of limitations and that, in the alternative, the MHRA claims were equitably tolled during the pendency of the federal district court action. We reverse, holding that the application of section 1367(d) in this case is an unconstitutional infringement on state sovereign immunity in violation of the Eleventh Amendment of the United States Constitution, and that the district court did not abuse its discretion in concluding that equitable tolling does not apply.

In August 1995, respondents filed charges of discrimination with the Minnesota Department of Human Rights alleging age discrimination by the University of Minnesota in certain employment decisions. The department dismissed the claims on July 17, 1996, and advised each respondent by letter that he could bring a civil action against the University in state district court within 45 days of receipt of the letter. Rather than filing in state court, respondents filed separate actions in the federal district court for the District of Minnesota on or about August 29, 1996, alleging violations of the federal Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (1999), and the Minnesota Human Rights Act, Minn.Stat. ch. 363 (2000). In its answers, the University raised Eleventh Amendment immunity and lack of jurisdiction as affirmative defenses. The federal actions were consolidated. In June 1997, the University served and filed a motion to dismiss the complaints pursuant

Mark R. Rotenberg, General Counsel, Lorie S. Gildea, Associate General Counsel, Minneapolis, MN, Andrew Parker, Matthew E. Johnson, Smith Parker, PLLP, Minneapolis, MN, for appellant.

Howard L. Bolter, Borkon, Ramstead, Mariani & Letourneau, Ltd., Minneapolis, MN, for respondents.

## OPINION

BLATZ, Chief Justice.

This case raises the issue of whether the tolling provision of the federal supplemental jurisdiction statute, codified at 28 U.S.C. § 1367(d) (1993), applies to toll the statute of limitations for Minnesota Human Rights Act claims against the Regents of the University of Minnesota during the time the state law claims were

to Fed.R.Civ.P. 12(b)(1), arguing that the Eleventh Amendment bars suits in federal court against a state by citizens of that or another state. The federal district court granted the motion by order filed July 14, 1997, dismissing the claims without prejudice. Respondents appealed the federal district court's decision to the Eighth Circuit Court of Appeals. The appeal was stayed. On January 11, 2000, the United States Supreme Court held in *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000), that the Eleventh Amendment is a valid defense to an Age Discrimination in Employment Act claim against a state. After *Kimel* was decided, respondents moved to withdraw the appeal, and the Eighth Circuit Court of Appeals dismissed the appeal.

Meanwhile, on August 1, 1997, respondents commenced this action in state district court alleging age discrimination under the MHRA. The action was stayed while the federal appeal was still pending; however, the stay was lifted on December 31, 1998, for the limited purpose of deciding the University's summary judgment motion. In moving for summary judgment, the University claimed that the action was barred by the state statute of limitations because respondents failed to file their claims in state district court within 45 days of receiving notice that the Minnesota Human Rights Department had dismissed the claims. *See* Minn.Stat. §§ 363.06, subd. 3, 363.14, subd. 1(a)(1) (2000). The state district court granted the motion,[1] concluding that the limitations period for the state action was not tolled while the federal action was pending and that equitable tolling did not apply to extend the limitations period.

Respondents sought review of the state district court's judgment in the court of appeals. The court of appeals reversed, concluding that 28 U.S.C. § 1367(d) tolled the statute of limitations for respondents'

MHRA claims during the pendency of the federal district court action. *See Raygor v. University of Minn.*, 604 N.W.2d 128, 133 (Minn.App.2000). Alternatively, the court of appeals concluded that respondents' claims were equitably tolled while their federal district court action was pending. *See id.* at 134.

### I.

This case presents us with the question of whether the tolling provision of the federal supplemental jurisdiction statute should apply to toll the statute of limitations for a state law claim against a state defendant, in light of the immunity afforded the state by the Eleventh Amendment. In consideration of this issue, we first review the supplemental jurisdiction statute and the Eleventh Amendment.

In *United Mine Workers v. Gibbs*, the United States Supreme Court recognized the common law doctrine of pendent jurisdiction, which permits a federal court to hear state law claims over which the federal court would not otherwise have jurisdiction when the state law claims are joined with a related federal claim. 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). To be related for purposes of pendent jurisdiction, the claims "must derive from a common nucleus of operative fact." *Id.* Congress codified the doctrine of pendent jurisdiction at 28 U.S.C. § 1367, known as the supplemental jurisdiction statute. Subdivision (a) provides:

> Except as provided in subsections (b) [dealing with diversity jurisdiction] and (c) [discretionary dismissal of supplemental claims] or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original

---

1. The University brought the motion as a motion for summary judgment; however, the state district court's May 28, 1999, order and memorandum granted the motion as a motion to dismiss.

jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a) (1993).

At issue in this case is subdivision (d) of section 1367, which tolls the state statute of limitations for claims asserted under supplemental jurisdiction while the claims are pending in federal court. Subdivision (d) also assures a 30–day period in which to bring a state action after a supplemental claim is dismissed by the federal court:

> The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

28 U.S.C. § 1367(d). By its plain language, section 1367(d) applies to "any claim" asserted under section 1367(a); however, the University argues that this federal statute cannot trump the protections afforded the University by the Eleventh Amendment.

■ Critical to our analysis of section 1367(d)'s effect in this case is an understanding of the Eleventh Amendment. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Notwithstanding this express language, the Eleventh Amendment has long been interpreted to also prohibit citizens from pursuing claims against their own state in federal court. See Hans v. Louisiana, 134 U.S. 1, 15, 10 S.Ct. 504, 33 L.Ed. 842 (1890). The protections of the Eleventh Amendment exist

unless the state has unequivocally consented to suit in federal court, or Congress has unequivocally abrogated state immunity in order to effectuate the provisions of the Fourteenth Amendment. See Seminole Tribe v. Florida, 517 U.S. 44, 54–55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); Kentucky v. Graham, 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Because there is no dispute that the University is an "arm" of the State of Minnesota, the University is entitled to the protections of the Eleventh Amendment in a suit brought by citizens of Minnesota in a federal court. See Treleven v. University of Minn., 73 F.3d 816, 819 (8th Cir.1996).

Prior to the enactment of section 1367, the United States Supreme Court applied Eleventh Amendment immunity to claims brought in federal court under common law pendent jurisdiction. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). In Pennhurst, the Court concluded that "neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment." 465 U.S. at 121, 104 S.Ct. 900. Therefore, under the reasoning in Pennhurst, the federal district court could not exercise jurisdiction over the MHRA claims once the Eleventh Amendment was asserted by the University. See Cooper v. St. Cloud State Univ., 226 F.3d 964, 968 (8th Cir.2000); Mayer v. University of Minn., 940 F.Supp. 1474, 1476 (D.Minn.1996). In fact, respondents did not dispute the University's motion in federal court to dismiss the MHRA claims, and the consolidated MHRA claims were dismissed.

Because respondents then filed the MHRA claim against the University in state district court after the 45–day statute of limitations set forth in Minn.Stat. § 363.14, subd. 1(a)(1) (2000) expired, we must decide if section 1367(d) can be applied to toll the statute of limitations on claims dismissed under an assertion of Eleventh Amendment immunity in federal court. The University argues that the

Eleventh Amendment is an automatic jurisdictional bar preventing original and supplemental jurisdiction from ever attaching, thus preventing the application of tolling under section 1367(d). Respondents argue that the Eleventh Amendment is a waivable affirmative defense that permits supplemental jurisdiction to attach until immunity is successfully asserted, thereby allowing the statute of limitations to be tolled under section 1367(d) until the case is dismissed from federal court.

Underlying the parties' positions is a basic disagreement as to how the Eleventh Amendment operates as a jurisdictional defense. While we do not solve this dispute, we recognize that the Eleventh Amendment is a jurisdictional defense, but that it has unique characteristics not always shared with other limitations on federal jurisdiction. Indeed, the United States Supreme Court has long recognized Eleventh Amendment immunity as a limit on the reach of the federal judiciary. *See, e.g., Seminole Tribe,* 517 U.S. at 72–73, 116 S.Ct. 1114 ("The Eleventh Amendment restricts the judicial power under Article III."); *Pennhurst,* 465 U.S. at 98, 104 S.Ct. 900 ("[T]he fundamental principle of sovereign immunity limits the grant of judicial authority in Art. III * * *."); *Missouri v. Fiske,* 290 U.S. 18, 25, 54 S.Ct. 18, 78 L.Ed. 145 (1933) ("The Eleventh Amendment is an explicit limitation of the judicial power of the United States.").

 Nonetheless, while recognizing the Eleventh Amendment as a constraint on the exercise of federal court jurisdiction, the Court has also consistently acknowledged two characteristics that distinguish Eleventh Amendment immunity from typical subject-matter jurisdiction limitations.[2] First, a party entitled to Eleventh Amendment protection may waive immunity and submit to federal court jurisdiction. *See Clark v. Barnard,* 108 U.S. 436, 447, 2 S.Ct. 878, 27 L.Ed. 780 (1883) (stating that Eleventh Amendment immunity is a "personal privilege" that a state may waive). This differs from typical jurisdictional requirements, such as diversity jurisdiction, where the parties cannot confer jurisdiction by waiver or consent. *See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court."). Second, a federal court is not required to raise an Eleventh Amendment defense *sua sponte,* whereas jurisdictional defects in general must be raised by the court if not addressed by the parties. *Compare Patsy v. Board of Regents,* 457 U.S. 496, 515 n. 19, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982) ("[B]ecause the State may, under certain circumstances, waive this [Eleventh Amendment] defense, we have never held that it is jurisdictional in the sense that it must be raised and decided by this Court on its own motion"), *with Insurance Corp. of Ireland,* 456 U.S. at 702, 102 S.Ct. 2099 ("[A] court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion.").

Given these distinct characteristics, the court of appeals determined that when a state law claim asserted in federal court is subject to an Eleventh Amendment immunity defense, the federal court has jurisdiction over that claim until the state defendant successfully asserts the Eleventh Amendment and the claim is dismissed.[3]

---

**2.** Dicta in *Wisconsin Dep't of Corrections v. Schacht,* 524 U.S. 381, 391, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998), indicates that whether Eleventh Amendment immunity is a matter of subject matter jurisdiction is "a question [the Court has] not decided." More recently, however, the Court noted in *Kimel v. Florida Bd. of Regents* that "for over a century now, [the United States Supreme Court has] made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." 528 U.S. at 73, 120 S.Ct. 631.

**3.** In support of the proposition that the Eleventh Amendment did not destroy original jurisdiction until it was successfully asserted by the University, the court of appeals also relied on the United States Supreme Court's statement in *Schacht,* that "[t]he Eleventh Amend-

The University, on the other hand, argues that the Eleventh Amendment automatically bars federal court jurisdiction until immunity is waived. We need not answer this quintessentially federal question because, as explained below, our holding is not based on whether jurisdiction temporarily attaches. Rather, we must simply determine whether the Eleventh Amendment's proscription on Congress' power to extend federal judicial power over an unconsenting state allows Congress to impose tolling of a state statute of limitations for a claim against an unconsenting state defendant in state court. We conclude that application of the tolling provision violates the Eleventh Amendment, because the Eleventh Amendment prohibits Congress from extending the state's liability to suit in state court via the state's unconsented presence in federal court. Specifically, the Eleventh Amendment does not permit Congress to affect the liability of the University as to a state law claim in state court when the University did not consent to federal jurisdiction.

## II.

■ The parties do not dispute that the Eleventh Amendment will bar a federal action against a state unless Congress has unequivocally abrogated the states' sovereign immunity in enacting legislation pursuant to section 5 of the Fourteenth Amendment or the state has waived its sovereign immunity. This principle is supported by Supreme Court case law. *See Seminole Tribe*, 517 U.S. at 55, 116 S.Ct. 1114. Section 5 is an affirmative grant of power giving Congress the authority to "enforce, by appropriate legislation," the

ment * * * does not automatically destroy original jurisdiction." 524 U.S. at 389, 118 S.Ct. 2047. This reliance is misplaced because the issue before the Court in *Schacht* was whether the presence of a single claim barred by the Eleventh Amendment prohibited the federal court from exercising removal jurisdiction over any of the other claims. *See Schacht*, 524 U.S. at 385–86, 118 S.Ct. 2047. Thus, *Schacht* informs us that when a cause of action consists of several claims with inde-

equal protection guarantees of the Fourteenth Amendment. U.S. Const. amend. XIV, § 5. Here, neither party contends that section 1367 effectuates a valid abrogation of state sovereign immunity.

Absent valid abrogation of the University's sovereign immunity through section 1367, the federal court could not exercise jurisdiction over the supplemental claims against the University without its consent. The University did not consent; instead, it asserted Eleventh Amendment immunity as an affirmative defense in its answer in the federal district court, and later as a basis for the motion to dismiss in federal court. As a result, the action was dismissed from the federal court system and the MHRA claims were subsequently filed in state district court.

The tentacles of section 1367 were not completely severed when the federal district court dismissed the supplemental claims, however. Allowing tolling under section 1367(d) would alter the University's position in state court by requiring the University to answer a claim in state court that would otherwise be barred by the state statute of limitations. Because Congress cannot, absent valid abrogation of sovereign immunity, extend federal judicial power against unconsenting states, it follows that Congress cannot impose a penalty on a state defendant for being named, without its consent, as a defendant in federal court. To allow such a result would, in effect, penalize the unconsenting state defendant for the other party's failed attempt to sue the state in federal court. The Eleventh Amendment does not permit Congress to extend this federal judicial power over the states.

pendent sources of federal jurisdiction, and one of those claims is barred by the Eleventh Amendment, the original jurisdiction is not destroyed for the remaining claims not subject to the Eleventh Amendment. *See Schacht*, 524 U.S. at 391, 118 S.Ct. 2047. *Schacht* does not tell us whether the federal district court has jurisdiction over a claim barred by the Eleventh Amendment before sovereign immunity is asserted.

The constraints on federal power imposed by sovereign immunity are evident in decisions of the United States Supreme Court upholding assertions of sovereign immunity in contexts that fall outside the strict language of the Eleventh Amendment. *See Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 238 n. 2, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985) ("The Constitution never would have been ratified if the States and their courts were to be stripped of their sovereign authority except as expressly provided by the Constitution itself."). This expansive scope of sovereign immunity is apparent in *Alden v. Maine,* 527 U.S. 706, 711–12, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999), in which a group of probation officers filed suit in federal district court against their employer, the State of Maine, alleging violations of the overtime provisions of the federal Fair Labor Standards Act, 29 U.S.C. §§ 201–19 (1994). After dismissal from the federal courts, the plaintiffs filed the same action in state court, as provided by the federal statute. *See Alden,* 527 U.S. at 712, 119 S.Ct. 2240. The state court also dismissed the action on the basis of sovereign immunity. *See id.* Concluding that a federal statutory provision that purports to allow private actions against unconsenting states in their own courts is unconstitutional, the Court held that "the States retain immunity from private suit in their own courts, an immunity beyond the congressional power to abrogate by * * * legislation." *Id.* at 754, 119 S.Ct. 2240. Therefore, absent consent, Congress could not make the State of Maine subject to suit in state court for violations of the federal Fair Labor Standards Act. *See Alden,* 527 U.S. at 754, 119 S.Ct. 2240.

This case differs from *Alden* in that the contested claims here are not federal claims, but rather state law claims from which the University has no immunity in state court. *See* Minn.Stat. § 363.01, subds. 17, 28 (2000) (defining "employer" under the MHRA to include the state, its departments, agencies, and political subdivisions). However, we read *Alden* to require that the University's waiver of immunity be limited to the parameters set forth by state statute. 527 U.S. at 749, 119 S.Ct. 2240 ("[T]he immunity of a sovereign in its own courts has always been understood to be within the sole control of the sovereign itself."). Thus, as defined by state law, the University's exposure to MHRA suit in this case existed only for the 45–day period following respondents' notification of dismissal of charges by the Department of Human Rights. *See* Minn. Stat. § 363.14, subd. 1(a)(1).

■ Furthermore, the state's waiver of sovereign immunity for MHRA claims timely filed in state court does not diminish the University's Eleventh Amendment protections from *federal* judicial power with respect to MHRA claims. The University's "constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Pennhurst,* 465 U.S. at 99, 104 S.Ct. 900. Therefore, the general waiver of immunity in state court is not a waiver of the University's Eleventh Amendment immunity in the federal courts. *See Pennhurst,* 465 U.S. at 99 n. 9, 104 S.Ct. 900.

Through the federal tolling provision, respondents seek to expand the University's liability exposure by extending the time in which the MHRA claims can be filed in state court. Here, as in *Alden,* Congress has enacted legislation impacting an unconsenting state defendant's liability for suit in that state's own courts. The Eleventh Amendment does not allow this exercise of federal power over an unconsenting state. As the Court stated in *Alden,*

Congress has vast power but not all power. When Congress legislates in matters affecting the States, it may not treat these sovereign entities as mere prefectures or corporations. Congress must accord States the esteem due to them as joint participants in a federal system, one beginning with the premise

of sovereignty in both the central Government and the separate States.

527 U.S. at 758, 119 S.Ct. 2240. Congress, through application of section 1367(d), does not treat the University as a sovereign entity. Based on the principles articulated in *Pennhurst* and *Alden,* we conclude that application of section 1367(d) to toll the statute of limitations applicable to state law claims against an unconsenting state defendant first filed in federal court but then dismissed and brought in state court is an impermissible denigration of the University's Eleventh Amendment immunity.

■ We also reject respondents' argument that tolling is required in the interests of judicial economy. Judicial economy and efficiency were central principles behind the Judicial Improvements Act of 1990, which included section 1367. *See* 136 Cong. Rec. S17580 (1990). However, in *Pennhurst,* the United States Supreme Court rejected the judicial economy argument in the context of applying the Eleventh Amendment to pendent state claims, concluding that "such considerations of policy cannot override the constitutional limitation on the authority of the federal judiciary to adjudicate suits against a State." 465 U.S. at 123, 104 S.Ct. 900; *see also Fiske,* 290 U .S. at 25–26, 54 S.Ct. 18 ("Considerations of convenience open no avenue of escape from the [Eleventh Amendment's] restriction."). Similarly, we conclude that policy considerations cannot override Eleventh Amendment limitations on the authority of Congress to affect claims against the University in state court.

Extension of the University's exposure to suit in state court because a claim barred by the Eleventh Amendment has been filed against it in federal court is an infringement on the University's Eleventh Amendment immunity. Accordingly, we hold that section 1367(d) does not toll the state statute of limitations on the MHRA claims against the University.

### III.

■ Even though section 1367(d) does not apply to toll the statute of limitations, the court of appeals held, in the alternative, that the limitations period should be tolled under equitable principles. It is within the discretion of the district court to grant or deny equitable relief. *See Nadeau v. County of Ramsey,* 277 N.W.2d 520, 524 (Minn.1979). The district court's decision will be reversed only upon a clear showing that such discretion has been abused. *See id.*

Respondents argue that equitable tolling is warranted because they elected to pursue their MHRA claims in federal court with the good faith belief that the federal court had jurisdiction over the claims. The district court acknowledged that at the time the federal actions were filed, there was some confusion surrounding the question of whether Eleventh Amendment immunity should apply to the federal Age Discrimination in Employment Act claim. The district court found, however, that under *Pennhurst* it was clear the federal district court could not exercise jurisdiction over the supplemental MHRA claims. Noting the limited scope of the equitable tolling remedy and failing to find any other grounds sufficient to invoke the remedy, the district court found that the respondents' election to pursue their MHRA claims in federal court did not justify equitable tolling.

In reversing the district court, the court of appeals did not discuss the district court's analysis or provide any reason to conclude that the district court abused its discretion. Our careful review of the record compels the conclusion that the district court did not abuse its discretion when it denied respondents the remedy of equitable tolling.

Because section 1367 does not toll the state statute of limitations for the MHRA claim against the University and because the district court acted within its discretion in deciding that equitable tolling did not apply, we reverse the court of appeals and

reinstate the district court's judgment that the claims were not timely filed.

Reversed.

PAGE, J., took no part in the consideration or decision of this case.