**Thomas STOCKE, et al., Appellants,**

v.

**Allen BERRYMAN, et al., Respondents,**

and

**Minneapolis Police Relief Association, Respondent.**

No. C7–01–284.

Court of Appeals of Minnesota.

Aug. 7, 2001.

Review Denied Sept. 25, 2001.

Karl L. Cambronne, Becky L. Erickson, Chestnut & Cambronne, P.A., Minneapolis, David Lonergan, Stillwater, and Joseph B. Marshall, Marshall & Associates, P.A., Circle Pines, for appellants.

Judy A. Rogosheske, Best & Flanagan, LLP, Minneapolis, for respondents Berryman, et al.

Patrick J. McLaughlin, Dorsey & Whitney, LLP, Minneapolis, for respondent Minneapolis Police Relief Association.

Considered and decided by AMUNDSON, Presiding Judge, LANSING, Judge, and SHUMAKER, Judge.

## OPINION

GORDON W. SHUMAKER, Judge.

Appellants challenge the district court's dismissal of their derivative action and request for injunctive relief, arguing that Minn.Stat. ch. 356A (2000) contains no demand requirement and that the Minneapolis police relief association's bylaws contain an inadequate remedy for removal of directors. Because appellants failed to comply with Minn. R. Civ. P. 23.06 and an adequate remedy exists under the bylaws, we affirm.

## FACTS

Appellants are active Minneapolis police officers and are members of the Minneapolis Police Relief Association (MPRA). The MPRA is a nonprofit corporation, organized under Minn.Stat. ch. 423B (2000), that administers a defined-benefit pension plan for Minneapolis police officers hired before June 15, 1980. The MPRA is governed by a board of nine members.

During 1996 and 1997, the MPRA invested $14.93 million in Technimar Industries, Inc., a start-up company engaged in the manufacture and sale of agglomerated stone blocks. Technimar's prospectus warned of the risk inherent in purchasing its stock, stating:

> The securities offered hereby are speculative and involve a high degree of risk and should be purchased only by persons who can afford the loss of their entire investment.

By 1998, the MPRA had lost its entire investment in Technimar, and Technimar was adjudged bankrupt in July of that year.

During the Technimar investment years, respondent Richard Nelson and respondent Allen Berryman were MPRA board members. Nelson was the MPRA's chief executive officer and Berryman was its

secretary. Berryman and respondent Gerald Bridgeman also served on the board of Technimar. Although not a MPRA board member, Bridgeman was the MPRA's executive director and, in that capacity, he participated in investment transactions with Technimar on behalf of the MPRA.

In February 1999, the appellants sued the respondents "on behalf of nominal defendant" MPRA, alleging breaches of fiduciary duties and seeking damages and injunctive relief. The ad damnum clause in the complaint prayed for "judgment against [respondents] and on behalf of nominal defendant MPRA * * *."

While this lawsuit was pending, the appellants filed charges with the MPRA against Berryman, Nelson, and all other board members. The MPRA bylaws provided that members would be entitled to vote on charges filed against directors. The members' vote did not sustain the charges, and Berryman and Nelson remained on the board.

The respondents then made two dismissal motions in the lawsuit. The first was to dismiss or strike the appellants' demand for injunctive relief on the ground that the exclusive remedies for directors' breaches of fiduciary duty are provided by Minn. Stat. ch. 423B and the MPRA bylaws. The district court agreed that the appellants had an adequate remedy under the MPRA bylaws and granted the motion.

The second motion sought the dismissal of the entire action on the grounds that the appellants had failed to satisfy a condition precedent in Minn. R. Civ. P. 23.06 requiring an allegation with particularity of the efforts made to obtain relief from the MPRA board. The complaint contained only a general allegation in that regard. The district court granted this motion as well, ruling that the lawsuit was a deriva-

tive action and was subject to the requirements of rule 23.06.

Arguing that the district court has the power to grant injunctive relief in this action and that a prior demand for board action was not necessary, appellants challenge both dismissals.

## ISSUES

1. The MPRA bylaws permit members to file charges against and seek the removal of directors. After the membership voted not to sustain charges against the directors, the district court ruled that injunctive relief for removal of the directors was not available because the internal corporate remedy was adequate. Was this ruling error?

2. When speculative investments of pension funds resulted in losses to the public corporation administering the pension, certain members sued responsible directors on behalf of the corporation to obtain reimbursement for the losses. The district court ruled that the lawsuit was a members' derivative action and that the conditions precedent in Minn. R. Civ. P. 23.06 applied. The court ruled that the members had failed to satisfy those conditions and it dismissed the lawsuit. Were these rulings erroneous?

## ANALYSIS

I. *Equitable Relief*

The district court enjoys the discretion to grant or to deny equitable relief and we will not reverse its decision absent a clear abuse of that discretion. *Nadeau v. County of Ramsey,* 277 N.W.2d 520, 524 (Minn.1979). "A party may not have equitable relief where there is an adequate remedy at law available." *ServiceMaster of St. Cloud v. GAB Bus. Servs., Inc.,* 544 N.W.2d 302, 305 (Minn.1996). Equitable relief is available only upon a showing that

no adequate legal remedy exists. *Allstate Sales & Leasing Co., Inc. v. Geis,* 412 N.W.2d 30, 34 (Minn.App.1987).

■ In their complaint, the appellants sought judgment that the respondents "be permanently enjoined from acting as a fiduciary with respect to MPRA." The district court noted that the appellants had already unsuccessfully tried to remove Berryman and Nelson through the removal procedure provided in the MPRA bylaws. The court then said:

> This court refuses to disregard the vote by all the members of the MPRA, or substitute its judgment for their judgment. Equitable relief should not be used simply because [appellants] want a second chance to remove [respondents] from the MPRA.

The MPRA is governed in part by Minn. Stat. ch. 423B (2000). That chapter contains the mandate that "[t]he affairs of the association must be regulated by its articles of incorporation and bylaws." Minn. Stat. § 423B.05, subd. 2. As a nonprofit corporation, the MPRA is also subject to Minnesota Statutes chapter 317A (2000), the Minnesota Nonprofit Corporation Act. Minn.Stat. §§ 317A.001–317A.909 (2000). On the matter of removal of directors, that act states that its procedures are to be followed "unless a different method of removal is provided for in the articles or bylaws." Minn.Stat. § 317A.223, subd. 1. The MPRA bylaws do in fact provide a different method for the removal of directors:

> Charges may be preferred in writing by not less than three (3) members of the Corporation at any meeting of the Corporation or the Board of Directors against any director or officer of the Corporation of neglect of any duty as a member of said Board of Directors or conduct detrimental to the interests of the Corporation, and if, after a full investigation, the charges are sustained by a vote of a majority of the Members, the Corporation or Board of Directors shall declare the seat held by such director or officer of the Corporation as vacant.

The appellants argue that the removal procedure in the bylaws is but one of several available remedies. They note, for example, that Minn.Stat. § 356A.09, subd. 2 (2000), provides that "remedies available for a fiduciary breach by a fiduciary are those specified by statute or available at common law." The appellants argue that the removal procedure in the MPRA bylaws does not involve the necessary determination of whether the respondents breached their fiduciary duties. But the bylaws allow the removal of a director for "neglect of any duty." or "conduct detrimental to the interests of the corporation." A breach of fiduciary duties, such as alleged and presented to the MPRA membership, surely fell within the stated reasons for removal of directors. Thus, the remedy of removal of a director for breach of fiduciary duty was available under the MPRA bylaws. The district court did not err in holding that this was an adequate remedy and, therefore, equitable relief through the courts is not available.

## II. *Rule 23.06 Condition*

■ The district court viewed the appellants' lawsuit as a corporation members' derivative action and applied Minn. R. Civ. P. 23.06. On questions of law, we are not bound by the district court's determination. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984). We review interpretations of rules of civil procedure de novo. *Jostens, Inc. v. Federated Mut. Ins. Co.,* 612 N.W.2d 878, 883 (Minn.2000).

■ The appellants contend that they are not obligated by rule 23.06 because their claims are brought under Minn.Stat.

ch. 356A (2000), which mirrors the federal Employee Retirement Income Security Act (ERISA); their claims are individual and not members' derivative claims; and they are suing as beneficiaries of the MPRA trust fund.

Chapter 356A of the Minnesota Statutes is the Public Pension Fiduciary Responsibility Act. Minn.Stat. §§ 356A.01–356A.13 (2000). In part, it provides that the district court has jurisdiction over a challenge of fiduciary action or inaction. Minn.Stat. § 356A.12, subd. 1. However, there is nothing in Minnesota law that exempts chapter 356A from the rules of civil procedure. *See* Minn. R. Civ. P. 81 (listing statutes and proceedings exempt from the rules of civil procedure. Chapter 356A is not listed). Although the appellants argue that chapter 356A is a mirror of ERISA and that rule 23.06 does not apply to actions under ERISA, we reject that analogy because state governmental pension plans such as that administered by the MPRA are excluded from ERISA applicability. *See* 29 U.S.C.A. § 1003(b)(1) (2000).

We also reject the appellants' argument that they are, in effect, trust beneficiaries who are proceeding against trustees. There is a separate statute governing trusts, trustees, and beneficiaries. *See* Minn.Stat. §§ 501B.01–501B.90 (2000). The MPRA and its fund are not established under trust law and, we see no reason to apply trust law to circumstances already regulated by directly applicable statutes and rules.

 Generally, a shareholder or member of a corporation may not individually assert a direct cause of action that belongs to the corporation. *Northwest Racquet Swim & Health Clubs, Inc. v. Deloitte & Touche,* 535 N.W.2d 612, 617 (Minn.1995). In deciding whether a claim is direct or derivative, the focus is on the alleged injury. *Wessin v. Archives Corp.,* 592 N.W.2d 460, 464 (Minn.1999). "Where the injury is to the corporation, and only indirectly harms the shareholder, the claim must be pursued as a derivative claim." *Id.* To be entitled to bring a direct action, a shareholder or member must be able to allege some injury or harm that is separate and distinct from the injury or harm to the corporation and that is not dependent on the harm to the corporation. *National City Bank v. Coopers & Lybrand,* 409 N.W.2d 862, 868 (Minn.App.1987), *review denied* (Minn. Oct. 21, 1987).

The appellants were aware of the derivative nature of the action when they initiated it. They brought the lawsuit "on behalf of" the MPRA and they requested remedies "on behalf of" the MPRA. Furthermore, their losses are not direct and are not separate, distinct, and independent from the MPRA's losses. Their financial tide under their pension rises and falls solely with the financial tide of the MPRA. The appellants suffer no loss unless the MPRA first suffers a loss. Their claim is derivative and is subject to rule 23.06. The district court did not err in so holding.

 The appellants concede that they did not make the demand required under rule 23.06. We agree with the district court that the alternative course of showing why the demand would be futile was likewise not satisfied. Their general statement of futility does not satisfy the "particularity" requirement of the rule.

### DECISION

Because appellants failed to comply with the demand requirement set forth in Minn. R. Civ. P. 23.06, appellants were not entitled to bring suit against respondents for breach of fiduciary duty.

**Affirmed.**