**John H. BREKKE, Respondent,**

v.

**THM BIOMEDICAL, INC., Appellant.**

**No. C8–03–119.**

Court of Appeals of Minnesota.

Aug. 19, 2003.

weighs the privacy interests of either the applicants or the university").

Gerald J. Brown, Aaron R. Bransky, Brown, Andrew & Signorelli, P.A., Duluth, MN, for appellant.

John G. Fillenworth, Juhl S. Halvorson, Fillenworth Law Office, PLLC, Duluth, MN, for respondent.

Considered and decided by HARTEN, Presiding Judge, ANDERSON, Judge, and WRIGHT, Judge.

## OPINION

HARTEN, Judge.

Respondent employee brought an action against appellant employer under Minn. Stat. § 181.79 (2000) after appellant, without respondent's consent, deducted the amount necessary to repay a loan from respondent's accrued salary. Appellant counterclaimed for interest on the loan. The district court denied appellant's counterclaim and awarded respondent twice the amount of the deduction as provided by law. Because we conclude that the district court did not err by determining that respondent violated Minn.Stat. § 181.79, we affirm.

## FACTS

In November 1990, respondent John Brekke and three other individuals formed appellant THM Biomedical, Inc. (THM) for the purpose of commercializing biomedical devices developed and patented by Brekke. Under the investment agreement, Brekke was issued THM common stock in exchange for "services previously performed and to be performed pursuant to * * * an Employment Agreement attached hereto." Brekke and THM entered into the employment agreement; Brekke served as an officer and as one of the three members of THM's board of directors in addition to being a full-time employee.

In 1991, THM made two loans to Brekke totaling $65,000. Brekke signed a promissory note for each loan, agreeing to repay the principal "along with 8% interest." In 1993, Brekke paid $5,000 on the loans.

THM had cash flow problems and often could not pay Brekke's salary when due. A June 2000 corporate balance sheet listed Brekke's "accrued wages" as $188,873.

In July 2000, THM received $950,000 in settlement funds after resolving a long-running licensing dispute with a third party. THM's board met to discuss the use of the funds. At the meeting, Brekke was told that he would net about $20,000 of his accrued salary after deductions for payroll taxes, $60,000 in loan principal, and accrued interest. Brekke requested that THM forgive the loans, but THM denied his request. THM issued Brekke a check for $59,700, the amount that remained after payroll taxes and $60,000 were deducted from his accrued salary. The $60,000 deduction was labeled "Other." Brekke cashed the check on the following day.

THM sold its assets to Kensey Nash Corporation on 1 September 2000. Brekke, who owned 18.6% of THM's shares, received more than $2 million from the sale.

Brekke sued THM in October 2000, claiming that it had violated Minn.Stat. § 181.79 (2000) by deducting the loan payment from his salary without his consent. THM counterclaimed for $42,506 in unpaid interest.[1] The district court denied THM's counterclaim and awarded Brekke $120,000 under the penalty provision of section 181.79. Both parties moved for amended findings and/or a new trial, and Brekke moved for attorney fees. The district court denied all post-trial motions. This appeal followed.

## ISSUE

Did the district court err by determining that Brekke was entitled to recover under Minn.Stat. § 181.79 (2000)?

---

**1.** THM also attempted to force arbitration, but the district court determined that the arbitration agreement did not apply. This court affirmed the district court in *Brekke v. THM Biomedical, Inc.*, No. C5–01–574, 2001 WL 1187098 (Minn.App. 9 Oct. 2001).

## ANALYSIS

 Application of a statute to the undisputed facts of a case involves a question of law, and the district court's decision is not binding on this court. *O'Malley v. Ulland Bros.*, 549 N.W.2d 889, 892 (Minn. 1996). If a statute is unambiguous when construed according to the ordinary rules of grammar, a court may engage in no further statutory construction and must apply its plain meaning. *State by Beaulieu v. RSJ, Inc.*, 552 N.W.2d 695, 701 (Minn.1996). Penalty provisions must be strictly construed. *Chatfield v. Henderson*, 252 Minn. 404, 410, 90 N.W.2d 227, 232 (1958).

 Minn.Stat. § 181.79, subd. 1 (2000), provides:

> No employer shall make any deduction, directly or indirectly, from the wages due or earned by any employee, who is not an independent contractor, for lost or stolen property, damage to property, or to recover any other claimed indebtedness running from employee to employer, unless the employee, after the loss has occurred or the claimed indebtedness has arisen, voluntarily authorizes the employer in writing to make the deduction or unless the employee is held liable in a court of competent jurisdiction for the loss or indebtedness.

Employers who violate the statute "shall be liable in a civil action brought by the employee for twice the amount of the deduction or credit taken." Minn.Stat. § 181.79, subd. 2 (2000). The statute does not apply in certain cases involving collective bargaining agreements, commissioned salespersons, and prior written authorization by the employee. *Id.*, subd. 1.

It is undisputed that Brekke was an employee of THM, that THM deducted a $60,000 loan payment from Brekke's accrued salary, and that Brekke did not authorize the deduction in writing. Moreover, none of the statute's exceptions applies: Brekke was not an independent contractor or a commissioned salesperson, and he was not working under a collective bargaining agreement. Although THM argues that Brekke's accrued salary was not "wages," the statute makes no exception for salaried employees, and THM's own balance sheet listed the amount due as "Accrued wages— John Brekke." Under the plain language of the statute, THM was liable to Brekke for twice the amount of the deduction.

 THM argues that section 181.79 should not apply to employees who are also shareholders, officers, and directors of closely held corporations. But THM offers no legal support for its argument, and the statute makes no exception for employees who hold such positions. Brekke's status did not alter his position as an employee: his employment agreement required him to serve at the direction of THM's president, outlined his duties and compensation, and limited his actions following termination. The fact that THM deducted the loan payment despite Brekke's explicit objection demonstrates that Brekke had limited control over THM's actions. We conclude that the district court did not err by determining that Brekke was entitled to recover under Minn.Stat. § 181.79.[2]

---

**2.** THM also argues that, because Kensey Nash assumed some of its liabilities, successor liability absolved it of any liability to Brekke. Successor corporations are not liable for the actions of transferor corporations unless certain exceptions apply. *Niccum v. Hydra Tool* *Corp.*, 438 N.W.2d 96, 98 (Minn.1989). THM cites no authority for the implication that successor liability precludes Brekke from bringing a claim against it for violating Minn. Stat. § 181.79.

THM also raises two equitable arguments: accord and satisfaction and estoppel. Whether an accord and satisfaction occurs is a fact question. *Webb Bus. Promotions, Inc. v. Am. Elec. & Entm't Corp.,* 617 N.W.2d 67, 73 (Minn.2000).

The critical issue is the intent of the parties. If the parties objectively intended the new promise to constitute full settlement of the original claim, the defense of accord and satisfaction is established.

*Ladwig & Ladwig, Inc. v. Orlin Ladwig, Inc.,* 372 N.W.2d 408, 411 (Minn.App.1985) (citation omitted); *see also Webb,* 617 N.W.2d at 69 (mutual agreement is required for an accord and satisfaction to be enforceable under Minn.Stat. § 336.3–311). Accord and satisfaction may be achieved through the use of a check or other negotiable instrument. *Weed v. Comm'r of Revenue,* 550 N.W.2d 285, 288 (Minn.1996). But the instrument or an accompanying written communication must contain "a *conspicuous statement* to the effect that the instrument was tendered as full satisfaction of the claim." *Id.* (quotation and citation omitted). Brekke's payroll check contained no statement that it was tendered as full satisfaction of any claim, and the paycheck stub merely referred to the deduction as "Other." The record also demonstrates that neither party intended to enter into an accord and satisfaction. Brekke testified and THM concedes that he objected to the deduction, and THM later attempted to collect the interest on the loans. The district court's finding that there was no accord and satisfaction was not clearly erroneous.

THM argues that Brekke should be estopped from recovery because he breached his fiduciary duty to the company by failing to disclose material information. Granting equitable relief is within the district court's discretion, and this court will not reverse absent a clear abuse of that discretion. *Nadeau v. County of Ramsey,* 277 N.W.2d 520, 524 (Minn.1979). Although Brekke testified that his attorney informed him about the penalty provision in Minn.Stat. § 181.79 the night before he cashed the check, he also testified that he did not intend to pursue the claim and that he filed the claim only after THM demanded the interest on the loans. The record corroborates Brekke's testimony: THM sent a letter to Brekke demanding the interest on 24 September 2000, and Brekke filed his claim on 27 October 2000. The district court's decision not to grant equitable relief based on the alleged breach of fiduciary duty was not a clear abuse of discretion.[3]

### DECISION

Under Minn.Stat. § 181.79 (2000), THM was lawfully penalized twice the amount of its unauthorized deduction from Brekke's salary.

**Affirmed.**

---

**3.** Brekke argues that the district court erred in denying his motion for attorney fees because his employment agreement provided that the unsuccessful party would pay attorney fees in any action "filed in relation to this Agreement." Brekke sued under Minn.Stat. § 181.79; he did not pursue remedies for breach of the employment agreement. Accordingly, the district court did not err in denying him attorney fees.